**Russell L. O'BREMSKI,**
**Petitioner–Appellant,**

v.

**Manfred MAASS, Superintendent,**
**Oregon State Penitentiary,**
**Respondent–Appellee.**

No. 89–35582.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 1990.

Decided June 6, 1990.

As Amended Sept. 25, 1990.

---

Stephen R. Sady, Asst. Federal Public Defender, Portland, Or., for petitioner, appellant.

John A. Reuling, Jr., Asst. Atty. Gen., Salem, Or., for respondent, appellee.

Before BROWNING, ALARCON and KOZINSKI, Circuit Judges.

ALARCON, Circuit Judge:

Russell L. Obremski[1] (Obremski), a state prisoner, appeals from the dismissal of his petition filed pursuant to 28 U.S.C. § 2254. Before this court Obremski argues that his petition stated two valid constitutional claims: (1) the Oregon Board of Parole (Board) failed to act as an impartial tribunal in violation of his right to due process; and (2) the Board was estopped from postponing his release date of March 8, 1987.

## STATEMENT OF THE CASE

Obremski was convicted of two counts of first-degree murder and sentenced to serve concurrent life sentences in 1969. At the time of his conviction, the Board was operating under a law that gave it complete discretion to set parole release dates. Former Or.Rev.Stat. §§ 144.175–144.180 (repealed 1977); *see Addicks v. State Bd. of Parole*, 63 Or.App. 409, 411–12 & n. 1, 663 P.2d 1310, 1311 & n. 1 (1983).

In 1977, the Oregon Legislature adopted a "matrix" system for setting release dates. Or.Rev.Stat. §§ 144.120, 144.780 (1989). The matrix system required the Board to follow certain administrative rules in establishing firm release dates, which could be altered only under certain specified conditions. Or.Rev.Stat. § 144.785(1) (1989). The matrix range for Obremski's crimes was twenty-four years to life. In September 1978, Obremski was informed that he had the option of obtaining a firm release date under the matrix system. *See* OAR 255–30–002. Obremski declined to exercise his option at that time.

On June 27, 1979, the parole board voted to grant Obremski a "firm" release date of February 1984. On December 23, 1981, Obremski signed a request to have his case considered under the matrix system. The Board noted: "Inmate signed request for firm date.... No change in 2–84 date."

In 1982, members of the public began questioning the 1984 release date. The Board ordered that Obremski undergo multiple psychological evaluations beginning in

---

**1.** The record in this case reveals that petitioner's name is Obremski and not O'Bremski. The lat- ter version was substituted by the Oregon Court of Appeals.

1983. Because two of these evaluations were unfavorable, the Board postponed Obremski's release date to March 8, 1987. On January 29, 1987, after it was informed that Obremski's release date was erroneous under the matrix system, the Board again postponed the release date to March 8, 1996.

Obremski filed a habeas corpus petition in state court in which he claimed that the 1987 release date was valid under the matrix system, and therefore, the postponement of his release deprived him of a liberty interest in violation of his federal and state constitutional rights. The Oregon Court of Appeals denied the petition, holding that "[e]ach order from 1980 up until the 1987 order failed to comply with petitioner's matrix range, ORS 144.120(2), and the Board was entitled to make an order that is in compliance, as the 1987 order is." *O'Bremski v. Oregon Bd. of Parole,* 91 Or.App. 164, 165, 754 P.2d 32, 33 (1988) (per curiam). The Oregon Supreme Court denied review. 306 Or. 414, 761 P.2d 531 (1988).

Obremski then filed a habeas corpus petition in federal court, claiming that the Board violated his due process rights in vacating the March 8, 1987 release date. The district court dismissed the petition without a hearing. Obremski timely appeals.

## STANDARD OF REVIEW

The decision to dismiss a petition for habeas corpus is reviewed de novo. *Norris v. Risley,* 878 F.2d 1178, 1180 (9th Cir. 1989). "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." *Id.* " ' "[N]otice" pleading is not sufficient, for the petition is expected to state facts that point to a "real possibility of constitutional error." ' " *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 1630 n. 7, 52 L.Ed.2d 136 (1977) (quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases, 28 U.S.C.

§ 2254 foll. (1976) (quoting *Aubut v. Maine,* 431 F.2d 688, 689 (1st Cir.1970))).

## DISCUSSION

### I. *Propriety of District Court's Dismissal*

■ In its response to Obremski's petition, the parole board moved "for an order dismissing this case pursuant to Fed.R. Civ.P. 12(b) on the ground that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 fails to raise any issue of federal law." The district judge stated: "I grant the Board's motion to dismiss."

The Supreme Court has stated that the view "that a Rule 12(b)(6) motion is an appropriate motion in a habeas corpus proceeding" is "erroneous." *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 269 n. 14, 98 S.Ct. 556, 563 n. 14, 54 L.Ed.2d 521 (1978). Nevertheless, rule 4 of the Rules Governing Section 2254 in the United States District Courts "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *Gutierrez v. Griggs,* 695 F.2d 1195, 1198 (9th Cir.1983); *see also White v. Lewis,* 874 F.2d 599, 602–03 (9th Cir.1989) (meritorious motions to dismiss are permitted by Rule 4). Because the district court's dismissal was based on its conclusion that the facts alleged in Obremski's petition did not entitle him to habeas relief as a matter of law, we review the district court's order as a summary dismissal under Rule 4.

### II. *Exhaustion of State Remedies*

The State conceded in its motion to dismiss before the district court that Obremski had exhausted his available state court remedies. Examination of the record reveals, however, that Obremski raised only two claims in state court: (1) that his 1987 release date was valid under existing Oregon administrative rules; and (2) that the Board's refusal to honor the release date was in response to public outcry—an improper reason for postponement under Oregon law—and that the Board thus deprived him of a liberty interest without due process of law. Thus, Obremski's claims that the Board failed to act as an impartial

tribunal and was also estopped from vacating the March 8, 1987 release date were not raised and exhausted in the Oregon courts.

▮ As a general rule, a habeas petition should be dismissed if state remedies have not been exhausted as to *any* of the federal claims. *Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) (citing *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). When a State fails to object in the district court that a federal constitutional claim has not been exhausted, however, we are not compelled to remand with directions to dismiss the petition when the petitioner elects to strike the unexhausted claim. In *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), the Supreme Court stated:

> The appellate court is not required to dismiss for nonexhaustion notwithstanding the State's failure to raise it, and the court is not obligated to regard the State's omission as an absolute waiver of the claim. Instead, we think the history of the exhaustion doctrine, as recently reviewed in *Rose v. Lundy,* 455 U.S. 509 [102 S.Ct. 1198, 71 L.Ed.2d 379] (1982), points in the direction of a middle course....
>
> ....
>
> When the State answers a habeas corpus petition, it has a duty to advise the district court whether the prisoner has, in fact, exhausted all available state remedies. As this case demonstrates, however, there are exceptional cases in which the State fails, whether inadvertently or otherwise, to raise an arguably meritorious nonexhaustion defense. The State's omission in such a case makes it appropriate for the court of appeals to take a fresh look at the issue. The court should

determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim.

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith.

*Id.* at 133, 134–35, 107 S.Ct. at 1674, 1675. Because we conclude that there are no unresolved questions of fact in this case and that Obremski's claims are not colorable under federal law, we affirm the district court's dismissal for failure to state a claim.

### III. *Obremski's Due Process Claim*

We need not decide whether the matrix system [2] confers a liberty interest entitling prisoner to due process protection in the setting of release dates. Instead, we conclude that, assuming arguendo that Oregon prisoners have a protected liberty interest under the statutes creating the matrix system, Obremski has failed to demonstrate that the postponement of his parole release

---

**2.** Although Obremski alleges that his consent to be considered under the matrix system was based on an assumption that the Board would honor the date, he does not claim any rights under the earlier pre–1977 Oregon parole statute. Such a claim would be unavailing. As the Oregon Court of Appeals has noted:

> Under the pre–1977 discretionary system, an inmate was given a parole *hearing* date, but no firm date for release was set, and the hearing date could be changed at the Board's

discretion. As pointed out in *Bailleaux v. Cupp,* 16 Or.App. 573, 520 P.2d 483, *rev. den.* (1974), the parole-granting process continued until the inmate was actually released on parole.

*Addicks v. State Bd. of Parole,* 63 Or.App. 409, 412, 663 P.2d 1310, 1311 (1983) (emphasis added). Thus, Obremski could not claim that a firm release date was established under the older statute.

date by the Board violated his due process rights. *See Jancsek v. Oregon Bd. of Parole,* 833 F.2d 1389, 1389–90 (9th Cir.1987) (concluding that petitioner was afforded all the due process protection required by the matrix system without deciding whether the system creates a liberty interest); *Pedro v. Oregon Parole Bd.,* 825 F.2d 1396, 1398 (9th Cir.1987) (same), *cert. denied,* 484 U.S. 1017, 108 S.Ct. 726, 98 L.Ed.2d 675 (1988).

Obremski acknowledges that the typical matrix range for his crimes was twenty-four years to life. He argues, however, that he believed that an earlier release date would be possible under Oregon Administrative Rule 255–35–040. This rule states:

Resetting Pre–Guideline Parole Hearing Dates for Category VII Offenders:

255–35–040 The Board may reset the parole hearing date of a prisoner with an offense severity rating of seven who was given a parole hearing date before January 26, 1977, according to the following minimum prison terms: Criminal History/Risk Assessment Score: 11–9—8 years; 8–6—10 years; 5–3—12 years; 2–0—12 years.

OAR 255–35–040. By its terms, this rule applies only to parole *hearing* dates and not to *release* dates. Thus, Obremski cannot argue persuasively that the Board's order setting March 8, 1987, as the *release* date was valid. Moreover, the Oregon Court of Appeals has held that the March 8, 1987 date failed to comply with the matrix range under ORS 144.120(2). 91 Or. App. at 165, 754 P.2d at 33.

Nevertheless, Obremski argues that the Board's actions violated due process in failing to protect his liberty interest in the March 8, 1987 release date. Specifically, he argues that the Board "exhibited bias and prejudice in their conduct in his case." To support this contention, Obremski claims that the Board required him to undergo repeated psychological examinations in response to a public outcry of over 500 letters in an attempt to justify delaying his release date. In addition, he points to a letter, dated June 9, 1983, from Board Chairwoman Hazel Hayes, which states:

[A]s a Board, we are doing everything we legally can to defer parole. On June 27, 1979, we gave Obremski a firm date, on December 22, 1981, it was reaffirmed. Now the only justification for postponing parole is by ORS 144.125. To date, the Board has ordered three different psychological reports, all indicate Obremski is not emotionally disturbed or dangerous. Mr. McAlister [the Assistant Attorney General advising the Board] has reviewed the file and all pertinent material, it is his legal opinion that the Board's hands are tied.

■ In discussing the minimum requirements of due process for parole revocation hearings, the Supreme Court included "a 'neutral and detached' hearing body such as a traditional parole board." *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (discussing parole revocation). Because parole board officials perform tasks that are functionally comparable to those performed by the judiciary, they owe the same duty: "to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake." *Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981); *see also Schweiker v. McClure,* 456 U.S. 188, 195, 102 S.Ct. 1665, 1670, 72 L.Ed.2d 1 (1982) ("[D]ue process demands impartiality on the part of those who function in judicial or quasi-judicial capacities."). Thus, Obremski is correct in his contention that he was entitled to have his release date considered by a parole board that was free from bias or prejudice.

■ Whether Obremski alleged sufficient facts to show that the Board was biased and prejudiced against him because it was motivated to vacate his parole date by public outcry presents a close question. We need not resolve this question. Obremski failed to allege facts showing that he was prejudiced by the public outcry and the Board's expressed desire to do everything legally possible to defer parole. The facts show that the March 8, 1987 release date was set contrary to Oregon law and was

invalid. Therefore, the Board acted lawfully in setting a new parole release date. Given these circumstances, Obremski has failed to show that the Board deprived him of his right to due process. *See Townsend v. Sain*, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963) (petitioner must "allege[ ] facts which, if proved, would entitle him to relief").

Because we are a court of limited jurisdiction, we lack the power to render advisory opinions. *Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir.1990) (" '[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues, "concrete legal issues, presented in actual cases, not abstractions," are requisite.' " (quoting *United States Public Workers v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947), *overruled on other grounds*, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517 (1952))). A determination by this court that sufficient facts were alleged to require an evidentiary hearing concerning the alleged bias of the Board could not result in an order that would afford Obremski the relief he seeks, i.e., reinstatement of the March 8, 1987 release date. An unbiased Board at a new hearing would be compelled to apply Oregon law as explained in *O'Bremski v. Oregon Board of Parole*, 91 Or.App. 164, 754 P.2d 32 (per curiam), *review denied*, 306 Or. 414, 761 P.2d 531 (1988), and declare that the March 8, 1987 release date was void.

IV. *Estoppel*

■ Obremski's final argument is that the parole board is equitably estopped from rescinding his release date. Equitable estoppel is not a claim that a *state* prisoner may raise in a habeas corpus proceeding in federal court. A writ of habeas corpus is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (1982); *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982). As we have previously noted, federal habeas corpus relief pursuant to section 2254 is not available when a petitioner merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state courts. *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir.1985), *cert. denied*, 478 U.S. 1021, 106 S.Ct. 3336, 92 L.Ed.2d 741 (1986). We recognize that in *Johnson v. Williford*, 682 F.2d 868 (9th Cir.1982), we applied the principle of common law equitable estoppel to prevent reincarceration of a prisoner erroneously *released* on parole. In that matter, however, the habeas corpus petition was filed by a *federal* prisoner pursuant to 28 U.S.C. § 2255. Obremski has failed to demonstrate a violation of the Constitution or the laws and treaties of the United States as required of a *state* prisoner by section 2254.

### CONCLUSION

The district court did not err in denying Obremski's request that he be released on parole. The Board's order vacating the release date of March 8, 1987 was proper under Oregon law. The petition before us does not challenge the correctness of the Board's calculation of a new date under the matrix system. Therefore, we express no view regarding whether Obremski can state a due process claim concerning the selection of March 8, 1996 as his release date.

AFFIRMED.