944 F.2d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Anthony REA, Petitioner-Appellant,
v.
STATE OF ARIZONA, Arizona Attorney General, Robert
Goldsmith, Respondents-Appellees.
 No. 90-16336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 24, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Anthony Rea, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Watts v. Bonneville, 879 F.2d 685, 687 (9th Cir.1989), and affirm.
 
 
 3
 * Rea was indicted on August 7, 1985, on one count of armed robbery and three counts of aggravated assault arising from an incident at Lavicio's Delicatessen ("Lavicio Robbery"). On October 8, 1985, Rea was indicted on one count of armed robbery and three counts of aggravated assault arising from an incident at a Circle K store ("Circle K Robbery"). The two robberies were committed on the same night. Over Rea's objection, the two matters were consolidated for trial. The jury found Rea guilty on all counts. After exhausting state remedies, Rea filed this habeas petition in the district court.
 
 II
 
 4
 Rea contends that the state trial court erred in (1) consolidating the two robberies for trial, (2) allowing identification testimony by witnesses not present at the scene of the robberies, (3) requiring him to show his tattoos to the jury, and (4) sentencing him as a non-dangerous offender when the jury found that the Circle K robbery was a dangerous offense. These contentions lack merit.
 
 
 5
 A state prisoner may obtain a writ of habeas corpus only upon a showing that he is being held in violation of the Constitution, laws, or treaties of the United States. Engle v. Isaac, 456 U.S. 107, 119 (1982); 28 U.S.C. § 2254(a). Federal habeas relief is not available for alleged errors in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). Failure to comply with state procedural and evidentiary rules is not a sufficient basis for granting habeas relief. Jammal v. Van de Kamp, 926 F.2d 918, 919-920 (9th Cir.1990). "The issue for us, always, is whether the state proceedings satisfied due process; the presence or absence of a state law violation is largely beside the point." Id. at 919-920.
 
 
 6
 Although couched in terms of due process, Rea's claims actually amount only to challenges to the application and interpretation of state law. Furthermore, a review of the state court trial transcripts indicates none of the state law violations rendered Rea's trial fundamentally unfair. Accordingly, because the state proceedings satisfied due process, the district court properly dismissed these claims. See id.; Middleton, 768 F.2d at 1085.
 
 III
 
 7
 At trial, the state court allowed into evidence the identification testimony of one of the witnesses to the Lavicio's robbery. Rea contends that he was denied due process because the witness's identification testimony was the product of impermissibly suggestive pretrial identification procedures. Specifically, Rea contends that the pretrial photo line-up was unduly suggestive because he was the only person in the group with a visible tattoo.
 
 
 8
 "An identification must be suppressed when the line-up is so impermissibly suggestive as to result in a substantial likelihood of irreparable misidentification." United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986). "To determine whether a challenged identification procedure is so impermissibly suggestive as to give rise to a substantial likelihood of mistaken identity, we must examine the totality of the surrounding circumstances." Id. "If we find that a challenged procedure is not impermissibly suggestive, our inquiry into the due process claim ends." Id. Moreover, a photospread is not necessarily suggestive because of variances in the photographs. See United States v. Barrett, 703 F.2d 1076, 1085 (9th Cir.1983) (photospread not suggestive despite fact that defendant was the only one wearing tinted glasses and suspect had been described as wearing dark glasses); United States v. Collins, 559 F.2d 561, 563 (9th Cir.) (photospread not suggestive despite variances in age, hair style and facial hair), cert. denied, 434 U.S. 907 (1977).
 
 
 9
 Here, the pretrial identification procedure was not impermissably suggestive merely because there were variances among the photos. See id. A review of the record indicates that the witness did not identify Rea as the robber because he was the only person in the photo line-up with a tattoo on his neck. The witness had identified Rea and had informed the police of her selection before recalling that the robber may have had a tattoo on his neck. Accordingly, because Rea has not shown a substantial likelihood that the photo line-up resulted in a misidentification, the district court properly rejected the claim. See Bagley, 772 F.2d at 492.
 
 IV
 
 10
 The witnesses to the Circle K robbery did not identify Rea from a photo line-up. Instead, the witnesses made an in-court identification of Rea as the robber. Rea contends that the in-court identification was impermissibly suggestive "in the absence of any pre-trial identification procedures." This contention lacks merit. There is no evidence in the record to support Rea's claim that the in-court identification procedure was not unduly suggestive, and the district court properly denied this claim. See id.
 
 V
 
 11
 Rea contends that he received ineffective assistance of counsel because his attorney failed to interview certain witnesses for the prosecution prior to trial and failed to call certain "exculpatory witnesses."
 
 
 12
 To demonstrate ineffective assistance, a defendant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 689. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id. at 694. A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir.1984).
 
 
 13
 Here, the state trial court conducted an evidentiary hearing on the issue of ineffective assistance of counsel in which Rea's attorney explained why he did not interview all witnesses. A review of the transcripts reveals that trial counsel's failure to interview all witnesses was a reasoned tactical decision and therefore cannot form the basis of an ineffective assistance claim. See id.
 
 
 14
 Rea's contention that he received ineffective assistance because trial counsel failed to object to the introduction of a gun and was surprised by its introduction also lacks merit. The record indicates that the gun was introduced for illustrative purposes only; at no time was the jury told that the gun was used during either of the robberies nor was any attempt made to connect the gun to Rea. Furthermore, Rea did not show that he was prejudiced by either trial counsel's failure to object to the introduction of the gun or trial counsel's alleged surprise at the introduction of the gun. Strickland, 466 U.S. at 694.
 
 
 15
 Rea challenges the effectiveness of counsel on four other grounds: (1) failure to object to extrinsic items shown to the jury along with gun admitted for illustrative purposes; (2) failure to object when the prosecutor informed the jury that the gun, introduced for illustrative purposes, had been recovered in another robbery; (3) failure to object when the prosecutor "turned the gun into real evidence" during his questioning of a witness; and (4) failed to raise the issue of the operability of the gun. We have reviewed these claims and hold them to be meritless. Accordingly, the district court properly rejected Rea's ineffective assistance claims.
 
 VI
 
 16
 Rea's contention that the district court erred by failing to hold an evidentiary hearing lacks merit.
 
 
 17
 "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts, which if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991). Because the facts Rea alleges do not state a claim for relief and he received a full and fair evidentiary hearing in state court, the district court was not required to hold an evidentiary hearing.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rea's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3