977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Walter Clinton NICHOLSON, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondents-Appellees.
 No. 91-15748.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Walter Clinton Nicholson, an Arizona state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. He was convicted of sale of narcotic drugs, possession of narcotic drugs for sale, and possession of marijuana following a second trial ordered by the Arizona Court of Appeals because of prosecutorial misconduct at his first trial. He contends that his retrial violated the double jeopardy clause. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo the district court's denial of a habeas petition and accept its fact findings unless they are clearly erroneous. Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 111 S.Ct. 95 (1990). State court fact findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(d); Hamilton v. Vasquez, 882 F.2d 1469, 1470-71 (9th Cir.1989). Nonetheless, "[a] habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990) (quotation omitted), cert. denied, 111 S.Ct. 986 (1991). We review the district court's decision whether to hold an evidentiary hearing for an abuse of discretion. Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991).
 
 
 4
 Because trial error implies nothing with respect to guilt or innocence, the double jeopardy clause generally does not prohibit the state from retrying a defendant whose conviction is reversed on appeal. Lockhart v. Nelson, 488 U.S. 33, 39-40 (1988) (but retrial barred if reversal is based solely on insufficiency of evidence). Double jeopardy does, however, prohibit a second trial when "prosecutorial misconduct [is] committed with the intent to force the defendant [to move for a mistrial]." Greyson, 937 F.2d at 1413 (citing Oregon v. Kennedy, 456 U.S. 667, 675-76 (1982)).[1]
 
 
 5
 Here, the Arizona Court of Appeals found that the prosecutor's improper comments on Nicholson's post-arrest silence were "deliberate."[2] The state court did not, however, make any finding as to whether the prosecutor intended to force Nicholson to move for a mistrial. See id. Based on its review of the trial transcript, the district court found that the prosecutor's "intent was to attack the entrapment defense by attacking the petitioner's credibility. There is no evidence that the prosecutor intended to 'goad' the defendant into moving for mistrial." This finding was not clearly erroneous. See Jones, 899 F.2d at 884. A review of the transcript makes it clear that causing a mistrial would not have been in the interests of the prosecution. See Kennedy, 456 U.S. at 675 (prosecutor's intent must be inferred "from objective facts and circumstances"). Accordingly, the district court did not err by denying Nicholson's double jeopardy claim without an evidentiary hearing. See Greyson, 937 F.2d at 1413; O'Bremski, 915 F.2d at 420.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have not, and need not now decide whether the rule in Kennedy also applies where, as here, a defendant's mistrial motion was wrongly denied, and his conviction was reversed on appeal. See Greyson, 937 F.2d at 1414-15 ("Without any evidence of intent on the part of the prosecution to provoke a mistrial motion, we are not required to decide whether the rule in Kennedy may also apply to defendants whose mistrial motions are wrongly denied.")
 
 
 [2]
 The Court of Appeals' decision stated in part as follows: "In this case, the comments by the prosecutor appear deliberate and willful. Not only did he initially question the appellant regarding his post-arrest silence, but even after having been told to abandon that line of questioning and never having obtained an answer to his question, he again stated in closing argument that 'the first time you heard that was yesterday.' The argument was without support in the evidence because appellant had not answered the earlier question. To the extent that the argument implied that the appellant had told a different story before, it was misleading. To the extent that it was a comment on appellant's failure to relate any story prior to trial, it was an impermissible comment on the appellant's constitutional right to remain silent after arrest. In addition to being deliberate, the comments were also extremely prejudicial."