988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Roy JOHNSON, Petitioner-Appellant,
v.
Wayne ESTELLE, Respondent-Appellee.
 No. 91-55158.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 3, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-90-1909-JGD, John G. Davis, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willie Roy Johnson, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his convictions for second degree murder and use of a firearm during the offense. We affirm.[1]
 
 
 3
 On appeal, Johnson alleges that he received ineffective assistance of counsel during his state murder trial because his attorney (1) was not qualified to try a murder case, (2) failed to adequately investigate the case or interview potential witnesses, including witnesses who could have corroborated Johnson's testimony regarding alleged violations of his Miranda rights, (3) failed to succeed in having Johnson's taped confession suppressed, and (4) submitted irrelevant jury instructions.
 
 
 4
 To prevail on an ineffective assistance of counsel claim under the sixth amendment, a defendant must show (1) that counsel's performance was not within the wide range of professional competence, and (2) that the defendant was prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984); Jeffries v. Blodgett, 974 F.2d 1179, 1195 (9th Cir.1992). Moreover, mere conclusory allegations are insufficient to prove that counsel was ineffective. Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.), cert. denied, 493 U.S. 869 (1989). A habeas corpus petitioner is not entitled to an evidentiary hearing or habeas relief unless "he has alleged facts [in his petition] which, if proven, would entitle him to relief.... Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990) (quotations omitted), cert. denied, 111 S.Ct. 906 (1991).
 
 
 5
 Here, Johnson's petition offers only conclusory allegations of constitutional violations. Johnson failed to allege specific facts or to produce any statements or affidavits from witnesses or counsel which would substantiate the allegations in his petition or demonstrate any "real possibility of constitutional error." Id. Accordingly, the district court did not err in dismissing Johnson's vague and conclusory petition without an evidentiary hearing. See id.; Shah, 878 F.2d at 1161.
 
 
 6
 Moreover, even if his allegations were true, none of the alleged "errors" Johnson attributes to his trial counsel demonstrate that Johnson was prejudiced by his counsel's representation. See Strickland, 466 U.S. at 691. Specifically, the arresting officer's inquiry into the location of Johnson's gun was permissibly under the "public safety" exception to Miranda. See New York v. Quarles, 467 U.S. 649, 655-56 (1984). Thus, even under Johnson's version of events, any testimony by witnesses present at his arrest would not have prevented the introduction of his statement regarding the location of the murder weapon or the weapon itself. See id. Furthermore, Johnson acknowledges that he subsequently was given his Miranda warning by the arresting officer and by the investigators who eventually recorded his confession. Thus, any defects in his counsel's motion to suppress the tape were harmless because the taped confession was admissible. Even if, as Johnson contends on appeal, the tape was not admissible because he did not fully comprehend his Miranda rights and because the statement was coerced, its introduction at trial would have been harmless error given the overwhelming evidence guilt presented at trial. See Collazo v. Estelle, 940 F.2d 411, 423-24 (9th Cir.1990) (en banc) (applying Supreme Court's holding in Arizona v. Fulminante, 111 S.Ct. 1246, 1257 (1991), that "harmless error" analysis applies to coerced confessions), cert. denied, 112 S.Ct. 870 (1992)). Finally, none of Johnson's remaining claims demonstrate that his "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Johnson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson's motion for appointment of counsel is denied