995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vern LEMRICK, Petitioner-Appellant,
v.
Sheriff SKIPPER, Respondent-Appellee.
 No. 91-35808.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 8, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vern Lemrick appeals pro se the district court's sua sponte dismissal of his petition for habeas corpus relief as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm on other grounds. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989) (in reviewing decisions of the district court, the court of appeals may affirm on any ground finding support in the record), cert. denied, 496 U.S. 937 (1990).
 
 
 3
 We review de novo a district court's denial of a habeas corpus relief. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). The federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. § foll. § 2254; see also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991).
 
 
 4
 Lemrick did not allege in his petition that he was convicted by the State of Oregon or that he was in state custody when he filed his petition. Therefore, Lemrick failed to state a cognizable federal claim which would entitle him to relief. See 28 U.S.C. § 2254(a). Therefore, the district court's summary dismissal of Lemrick's petition was proper. See Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. § foll. § 2254; O'Bremski, 915 F.2d at 420-21.
 
 
 5
 Even if Lemrick's petition is liberally construed, federal courts lack jurisdiction to hear Lemrick's claims. See Coats v. Woods, 819 F.2d 236, 327 (9th Cir.1987) (in domestic relations cases when the core issue involves the status of parent and child or husband and wife federal courts should abstain).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lemrick's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3