5 F.3d 540
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paul A. STAAEL, Petitioner-Appellant,
v.
Samuel TRIVETTE, Executive Director, Alaska Parole Board,
Respondent-Appellee.
 No. 92-36693.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1993.
Decided Aug. 26, 1993.
 
 Appeal from the United States District Court for the District of Alaska; No. CV-91-572 CIV, James K. Singleton, District Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before SCHROEDER, FLETCHER and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul A. Staael, an Alaska parolee, appeals the district court's denial of his habeas corpus petition alleging that the state violated his right of due process by refusing to allow him an in-person hearing to address the supplemental conditions of parole imposed upon him in a 1989 parole order. We affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 3
 Following his conviction in Alaska state court for attempted murder, Paul Staael was sentenced on July 15, 1983 to ten years' imprisonment. He was incarcerated at the Wildwood Correctional Center in Kenai. Under Alaska law, he was entitled to mandatory parole after serving ten years less time deducted for good conduct. See Alaska Stat. Secs. 33.16.010 (eligibility for parole); 33.20.010 (computation of good time).
 
 
 4
 In 1989, having earned almost three years of good time credit, Staael came up for parole. Approximately five months before his scheduled release date in July, Staael's institutional probation officer requested the parole board to impose a number of supplemental conditions of parole in addition to the twelve standard conditions routinely imposed on all parolees. Staael was supplied with a copy of the probation officer's request, dated April 11, 1989, listing the supplemental conditions. The bottom of the form alerted Staael to his right to comment on the proposed conditions:
 
 
 5
 Notice to the prisoner who is the subject of this report:
 
 
 6
 This report is prepared for the Parole Board when establishing supplemental conditions of mandatory parole. You have ten (10) working days from the date you receive your copy to add your comments. Information must be submitted in writing through your Institutional Probation/Parole Officer who will mail the comments to the Board.
 
 
 7
 (Supplemental Excerpts of Record ex. 31.)
 
 
 8
 On April 16, Staael responded to the request for supplemental conditions in writing by challenging, on statutory and constitutional grounds, the authority of the parole board to impose any conditions at all on his release. He did not comment on or object to any particular condition. Three days later, on April 19, he also requested a meeting with the prison superintendent to discuss his parole status;[1] the prison rejected his request. Staael did not contact the parole board directly to ask for a hearing. The board responded to Staael's written concerns in a letter which set forth the basis of its authority to subject him to parole supervision.[2]
 
 
 9
 The recommended supplemental conditions were adopted by the board and incorporated in Staael's parole order. The conditions required, inter alia, that Staael submit to alcohol and drug testing and to warrantless searches for alcohol, drugs, weapons, and stolen property. Upon being presented with the order on April 24, Staael refused to sign it, informing prison authorities that he did not consider himself bound by its conditions. Staael claims that he also told the prison officials that he would prefer to stay in custody rather than submit to the conditions of parole without a hearing, to which the response was that he would be arrested for trespass if he attempted to remain at the facility.
 
 
 10
 Staael was released from prison on October 6, 1989. He was provided with a plane ticket to Fairbanks and ordered to report to his parole officer there on the next working day and to establish residence at the Northward Hotel, the location he had earlier stated would be his address.[3] Instead of boarding the plane bound for Fairbanks, however, he flew to Sacramento, California.
 
 
 11
 In November 1989, Staael was arrested in Sacramento for violating the conditions of his mandatory parole and was returned to Fairbanks Correctional Center. He was charged with failing to report to his parole officer in Fairbanks, a violation of conditions 1 and 13 of his parole order, and failing to establish residence at the Northward Hotel, a violation of condition 5. Staael admitted the violations. On January 12, 1990, the parole board voted to revoke Staael's parole.
 
 
 12
 In February 1990, Staael filed an application for post-conviction relief in state superior court in which he alleged that he was entitled to a hearing before the conditions of parole were imposed on him and that his parole had been unlawfully revoked. The superior court judge held that Staael was entitled to a meaningful hearing on the parole conditions imposed and set aside the finding that Staael had violated the terms of his parole. The Alaska Court of Appeals reversed the trial court, however, holding that Staael was not entitled to an in-person hearing with respect to the standard conditions of parole he was found to have violated. State v. Staael, 807 P.2d 513, 515-16 (Alaska 1991).[4] The court of appeals expressly declined to reach the issue whether Staael should have been granted a face-to-face hearing as to the supplemental conditions of parole,[5] reasoning that none of those conditions was implicated in Staael's parole revocation proceeding.[6] Staael, 807 P.2d at 515-16. The Alaska Supreme Court denied Staael's petition for hearing in June 1991.
 
 
 13
 Staael then commenced this section 2254 proceeding in federal district court, asserting that the denial of an in-person hearing to address the conditions of his parole violated his right of due process. On June 29, 1992, the district judge adopted the magistrate judge's recommendation that the habeas petition be denied.
 
 DISCUSSION
 
 14
 We consider de novo the district court's denial of Staael's habeas corpus petition. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 15
 The state contends that Staael's claim is moot because in September 1991, after a hearing before the parole board, he was released on discretionary parole and is currently residing in California under parole supervision. Staael concedes that he is no longer in custody, but argues that his petition is still viable because his entire sentence, including supervised release, would have expired in 1991 but for the revocation of his mandatory parole in 1989.[7] According to Staael, his "current status on parole is a direct collateral consequence of the due process violations of his first mandatory release." (Appellant's Opp'n to Mot. to Dismiss Appeal as Moot at 2.) The state counters that the extension of Staael's sentence is a direct result of Staael's having violated standard conditions of parole that would have been imposed regardless of a hearing.
 
 
 16
 The state's observation is the crux of this case. The parole conditions Staael was found to have violated were standard conditions.[8] That is, they are imposed on all parolees and would have been imposed on him even if he had had an opportunity to address the board regarding the supplemental conditions. Staael was not returned to prison for violation of a discretionarily imposed condition. Nor could he have been otherwise adversely affected by the board's imposition of the supplemental conditions since he refused to abide by them during his brief sojourn in California.
 
 
 17
 Although Staael now claims that he wished to address the board concerning his desire to make his residence in Sacramento rather than Fairbanks and that this might have obviated his unlawful flight to California, nowhere does he allege that the choice to go to Fairbanks was not his. Rather, the record reflects that the choice of residence was his. Furthermore, the parole order he refused to sign indicates that as of April 24, 1989, he was destined for Sacramento. Significantly, this document postdates his request for a hearing by several days.[9] Therefore, Staael's inability to address the board personally regarding his preferred destination does not present a genuine issue.
 
 
 18
 In order to pursue his due process claim, Staael must be able to demonstrate a deprivation of liberty resulting from the lack of a hearing. See Moody v. Daggett, 429 U.S. 78, 86-87 (1976) (no relief warranted where petitioner cannot demonstrate loss of liberty that derives from action of parole board that he is challenging); O'Bremski v. Maass, 915 F.2d 418, 422-23 (9th Cir.1990) (habeas petition properly denied where petitioner failed to show he was prejudiced by parole board's actions), cert. denied, 498 U.S. 1096 (1991). Since his prolonged sentence cannot be attributed to the denial of the hearing he seeks, Staael has no claim. We therefore need not reach the issue of mootness or the other grounds for affirmance urged by the state.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 While neither party gives the date in its papers, the state court of appeals that ruled on Staael's application for post-conviction relief notes that it was on April 19 that Staael requested the hearing. State v. Staael, 807 P.2d 513, 514 (Alaska 1991)
 
 
 [2]
 Staael pursued his challenge to the board's authority by filing a motion for declaratory and injunctive relief in state superior court. The court granted the state's motion to dismiss the action for failure to state a claim. See State v. Staael, 807 P.2d 513, 514 (Alaska 1991) (noting earlier litigation). This was separate from the state action discussed below in which Staael claimed a right to an in-person hearing to oppose the supplemental conditions of parole
 
 
 [3]
 The original parole order gave Staael's destination as Sacramento, California. The parties agree that at the time of release, Staael's destination had been changed to Fairbanks, as is reflected on his release certificate. The state notes, and Staael does not dispute, that the change was made at Staael's request
 
 
 [4]
 The Court of Appeals also rejected Staael's argument that he had the right to refuse to be released on mandatory parole, a contention that he has not raised in his federal habeas proceeding
 
 
 [5]
 The court did acknowledge, however, that under the Alaska Supreme Court's opinion in Roman v. State, 570 P.2d 1244 (Alaska 1977), Alaska parolees have the right to be heard on special conditions of parole authorizing warrantless searches. Staael, 807 P.2d at 515-16 n. 4
 
 
 [6]
 Technically speaking, condition 13, one of the conditions Staael was found to have violated, is a "supplemental" condition inasmuch as it is listed as such in Staael's parole order. Condition 13 required Staael to report to his parole officer on the first working day after his arrival in the state in which he would be supervised (in this case, Alaska). The Alaska court undoubtedly treated condition 13 as a "standard" condition of parole, however, because it is functionally the same as standard condition 1, which requires a parolee to report to his parole officer on the first working day after his release. (Compare Excerpts of Record ("E.R.") at 4 ("Report Upon Release") with E.R. at 5 ("Report Upon Arrival").) Evidently, condition 13 is imposed on those parolees who intend to take up residence in another state (Staael's original plan), but it appears to be superfluous since they are required to report to their parole officer on the next working day after their release in any event pursuant to standard condition 1. We therefore agree with the state court that condition 13 should be considered a standard condition
 
 
 [7]
 Under Alaska law, parolees whose parole is revoked do not receive credit for time "served" while out on parole. See Alaska Stat. Sec. 33.16.240(f) (when parolee is returned to prison for violation of parole, "the time the parolee was at liberty does not alter the time the parolee was sentenced to serve")
 
 
 [8]
 See supra note 6
 
 
 [9]
 It appears from the record that it was not until August that Staael decided he would rather go to Fairbanks. He evidently changed his mind again prior to being released in October. There is nothing in the record that suggests that Staael would have been denied permission to establish residence in California had he made an appropriate request