15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Martin Allen JOHNSON, Petitioner-Appellant,
v.
STATE OF OREGON; et. al, Respondents-Appellees.
 No. 93-35247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1994.*
Decided Jan. 21, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Former federal prisoner Martin Allen Johnson appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition and the denial of his motion for reconsideration. Johnson alleges that the State of Oregon, Multnomah County, and the Portland Police Bureau conducted an unlawful search of his residence and subsequently instituted an unlawful state forfeiture proceeding. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's decision on a petition for a writ of habeas corpus. Admas v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). We review for an abuse of discretion a district court's decision on a motion for reconsideration made pursuant to Fed.R.Civ.P. 59(e). Fuller v. M.G. Jewelry, 950 F.2d 1437, 1440 (9th Cir.1991).
 
 
 4
 Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody." See 28 U.S.C. Sec. 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam); Feldman v. Perrill, 902 F.2d 1445, 1446 (9th Cir.1990).
 
 
 5
 "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. Sec. foll. Sec. 2254; see also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991).
 
 
 6
 When Johnson filed his petition he was not in the custody of the State of Oregon.[1] Rather, Johnson was incarcerated at the Federal Corrections Institution in Sheridan, Oregon. Therefore, because Johnson is not in state custody, he cannot challenge his state conviction in a section 2254 petition. See 28 U.S.C. Sec. 2254(a); Maleng, 490 U.S. at 490; Feldman, 902 F.2d at 1446.
 
 
 7
 Accordingly, the district court's summary dismissal of Johnson's petition was proper.[2] See Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. Sec. foll. Sec. 2254; O'Bremski, 915 F.2d at 420-21. Moreover, the district court did not abuse its discretion by denying Johnson's motion for reconsideration.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In fact, Johnson alleged in his petition that he was only fined under his state conviction. However, the imposition of a fine alone does not satisfy the "in custody" requirement, even when the refusal to pay has made incarceration more likely. See Dremann v. California, 828 F.2d 6, 7 (9th Cir.1987)
 
 
 [2]
 Because Johnson has filed a 28 U.S.C. Sec. 2255 motion raising similar issues, we conclude that there is no need to construe Johnson's section 2254 petition as a section 2255 motion. Moreover, because Johnson has filed a 42 U.S.C. Sec. 1983 action attacking the state's forfeiture proceedings, we conclude that there is no need to construe Johnson's section 2254 petition as a section 1983 action