36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Bryant SHEPHERD, Petitioner-Appellant,
v.
Samuel LEWIS, et al., Respondents-Appellees.
 No. 94-15348.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner John Bryant Shepherd appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions of aggravated driving under the influence (DUI) with two or more prior DUI convictions and of aggravating driving with a blood alcohol concentration of 0.10 or more with two or more prior felony convictions. Shepherd contends that the state had insufficient evidence to support his indictment and his subsequent conviction. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 
 3
 * Challenge to Indictment
 
 
 4
 As a general rule, a habeas petition should be dismissed if state remedies have not been exhausted with respect to every claim in the petition. Rose v. Lundy, 455 U.S. 509, 512-22 (1982); Obremski v. Mass, 905 F.2d 281, 284 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 5
 Under the independent and adequate state ground doctrine, federal courts generally may not review a case where a state law default precludes the state from deciding on the merits. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). However, collateral review is permitted if a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 6
 Under Arizona law, any defect in the indictment must be challenged by a timely pretrial motion. Ariz.R.Crim.P. 13.5(c). If that procedure is not followed, the claim is precluded. State v. Herrerra, 850 P.2d 73, 79 (1993).
 
 
 7
 In his claim for post-conviction relief in state court, Shepherd's sole claim was that the prosecution failed to prove that he was the driver of the car, and therefore lacked the necessary evidence to convict him of the driving under the influence offenses. Shepherd raised this same issue in his Sec. 2254 petition, but also included an attack on his indictment, claiming that the state lacked probable cause to support the charges. Because Shepherd failed to raise this challenge to his indictment in state court, this claim is not properly exhausted. See Rose, 455 U.S. at 512-22; Obremski, 905 F.2d at 284. Shepherd, however, is precluded from raising this claim in state court because he failed to make a timely challenge pursuant to Ariz.R.Crim.P. 13.5(c). See Ariz.R.CrimP. 13.5(c); Herrerra, 850 P.2d at 79.
 
 
 8
 In district court, Shepherd failed to show any cause for and actual prejudice from the procedural default, or that the failure to consider this claim would result in a fundamental miscarriage of justice. See Coleman, 111 S.Ct. at 2565. Thus, the district court did not err by finding that Shepherd is barred from raising this issue. See Nunnemaker, 111 S.Ct. at 2593; Thomas, 945 F.2d at 1122.
 
 II
 Insufficient Evidence to Convict
 
 9
 A federal habeas court must consider whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 313-24 (1979).
 
 
 10
 Shepherd contends that the prosecution failed to prove that he was the driver of the car, and therefore lacked the necessary evidence to convict him of the driving under the influence offenses. This contention lacks merit. First, Shepherd told a police officer he had driven the car into a post because he was under the influence of alcohol. Second, even without this confession, which he admits that he cannot challenge, the evidence that he was seen driving into the parking lot and working alone on changing the flat tire is sufficient to sustain his conviction. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition in this case, appellant's August 22, 1994 motion for appointment of counsel is denied. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (a finding of exceptional circumstances to warrant the appointment of counsel requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved)