**Michael D. MILAN, Petitioner–Appellant,**

v.

**William A. DUNCAN, Warden; et al., Respondents–Appellees.**

No. 03–55777.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2006.[*]

Filed Nov. 22, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael D. Milan, San Luis Obispo, CA, pro se.

Jane Catherine Malich, Esq., Attorney General's Office Department of Justice State of California, Los Angeles, CA, for Respondents–Appellees.

Before: T.G. NELSON and BYBEE, Circuit Judges, and DUFFY,** District Judge.

MEMORANDUM ***

Michael D. Milan appeals from an order denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm. Because the parties are familiar

---

** The Honorable Kevin T. Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

with the facts and the procedural history of this case, we need not recount them here.

We review *de novo* a district court's decision to deny relief under Section 2254. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir.2004). Although the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), applies, the two state courts that denied Milan's petition did so without explanation. Accordingly, we "must conduct an independent review of the record to determine whether the state court's decision was objectively unreasonable." *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir.2006) (citing *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir.2004)).

## I. Due Process Claim

■ Milan argues that the California Board of Prison Terms ("Board") violated his due process rights when it: (i) rescinded his parole in 1987 upon discovery of his prison rule infraction,[1] and (ii) refused to re-set a parole date at its 1999 hearing.

■ California Penal Code § 3041(b) grants inmates a liberty interest in having a parole release date set. *See McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002).[2] Due process therefore demands that *"some* evidence support[ ] the decision" by the Board to revoke or deny parole.[3] *McQuillion*, 306 F.3d at 904 (quoting *Hill*, 472 U.S. at 456, 105 S.Ct.

2768) (emphasis in original). This evidentiary burden is minimal, and the Board's actions satisfy it. The Board's 1987 hearing established that Milan had violated a prison rule. The Board's decision at the 1999 hearing was sufficiently justified by the heinous nature of Milan's crime of conviction and his criminal history. *See* Cal.Code. Regis. tit. 15 § 2281(c)(1)-(2) (asking whether the prisoner "committed the offense in an especially heinous, atrocious or cruel manner" and whether he had a "previous record of violence" when determining unsuitability for parole). Accordingly, we cannot say that "the record is [ ] so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary," *Hill*, 472 U.S. at 457, 105 S.Ct. 2768, and we affirm on this issue.

## II. Ex Post Facto Claim

■ A state's decision to change the timing of its parole suitability hearings does not violate the Ex Post Facto Clause. *See Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995) (finding no violation where a legislative amendment "simply alters the method to be followed in fixing a parole release date under identical substantive standards") (internal quotation omitted). Accordingly, the State's retroactive application of the 1985 amendment to the California Penal Code did not violate the Ex Post Facto Clause.[4]

---

1. The State waived its argument that Milan's claims regarding the Board's 1987 decision are untimely under AEDPA by failing adequately to raise this issue before the district court. *See Chaker v. Crogan*, 428 F.3d 1215, 1220 (9th Cir.2005).

2. *McQuillion* is still good law. *See Sass*, 461 F.3d at 1128 (rejecting State's argument that *In re Dannenberg*, 34 Cal.4th 1061, 23 Cal. Rptr.3d 417, 104 P.3d 783 (2005), "explicitly or implicitly h[e]ld that there is no constitutionally protected liberty interest in parole").

3. For purposes of AEDPA, *Hill's* "some evidence" standard is "clearly established" federal law. *See Sass*, 461 F.3d at 1129 (citing *Superintendent v. Hill*, 472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985)).

4. We reject Milan's argument regarding equitable estoppel, as that doctrine does not apply in these circumstances. *See O'Bremski v. Maass*, 915 F.2d 418, 423 (9th Cir.1990).

## III. Other Claims

■ Milan's equal protection claim also fails. Milan did not allege that the Board's treatment of him differed from its treatment of other similarly-situated inmates. Moreover, his treatment comports with California's treatment of others with sentences like his. *See In re Morrall,* 102 Cal.App.4th 280, 288 n. 2, 125 Cal.Rptr.2d 391 (Cal.Ct.App.2002) (noting that "[u]nless and until [the parole board] set the primary term at less than the maximum, the inmate's [indeterminate term] sentence was regarded as the maximum") (citation omitted).

■ Milan's claim that his sentence violates the Eighth Amendment also fails. *See United States v. LaFleur,* 971 F.2d 200, 211 (9th Cir.1991) ("[A] mandatory life sentence for murder does not constitute cruel and unusual punishment.").

AFFIRMED.