UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard W. BOGARD,
Defendant-Appellant.

No. 87–3051.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 1988.[*]

Decided May 13, 1988.

---

**\*** The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Charles E. McFarland, Newton Falls, Ohio, for defendant-appellant.

Michael R. Spaan, U.S. Atty., Julie Werner-Simon, Asst. U.S. Atty., District of Alaska, Anchorage, Alaska, for plaintiff-appellee.

Before WRIGHT and CANBY, Jr., Circuit Judges, and ORRICK,[1] Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Richard Bogard alleges two errors as the basis for overturning convictions of attempted income tax evasion: denial of a motion to continue and a motion to inspect and copy jury selection materials. We affirm.

## I.  MOTION TO CONTINUE

Ten days before trial was scheduled to begin, and almost two months after his initial appearance, Bogard moved for a continuance. It was denied. He argues that the court abused its discretion because he was brought to trial in violation of the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), and because his Fifth Amendment right to due process was violated.

### 1.  Speedy Trial Act

The Speedy Trial Act provides:

---

1. Honorable William H. Orrick, Jr., United States District Judge, Northern District of California, sitting by designation.

Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.

18 U.S.C. § 3161(c)(2). This section was intended to provide criminal defendants with adequate time to obtain counsel and to prepare for trial. *See United States v. Adu,* 770 F.2d 1511, 1513 (9th Cir.1985), *cert. denied,* 475 U.S. 1030, 106 S.Ct. 1235, 89 L.Ed.2d 343 (1986). Although the start of the 30–day trial preparation period is defined clearly as the *defendant's first appearance through counsel, see United States v. Rojas-Contreras,* 474 U.S. 231, 234, 106 S.Ct. 555, 557, 88 L.Ed.2d 537 (1985), we have not applied this test mechanically when to do so would frustrate the Act's purpose.

In *United States v. Daly,* 716 F.2d 1499 (9th Cir.1983), *cert. dismissed,* 465 U.S. 1075, 104 S.Ct. 1456, 79 L.Ed.2d 773 (1984), we ruled that the 30–day period did not begin at counsel's first appearance for a bail hearing when he was engaged for the limited purpose of representing the defendant at that hearing. *Id.* at 1504. We explained:

> [To fulfill the Act's policy], the 30–day period should commence only after the indictment or information has been filed and made public and a defendant has first appeared with counsel engaged or appointed to represent him at trial. We therefore hold that the 30–day period begins to run when an attorney appears on a defendant's behalf after the indictment or information has been filed, unless there is an indication that the attorney is appearing only for a limited purpose and will not further represent that defendant at trial. If the attorney has been appointed to represent the defendant only for a specific pre-arraignment purpose or at the time of his initial appearance or prior to the filing of the indictment or information disavows his intent to represent the defendant further, the period will not commence because the statutory purpose for the 30–day delay would not be fulfilled.

*Id.* at 1505.

Bogard argues that we must follow the *Daly* analysis because the first attorney to appear for him, Mikel R. Miller of Anchorage, was engaged for the limited purpose of acting as local counsel for Bogard's out-of-state counsel, Charles E. McFarland of Ohio. Bogard contends that the Act was violated because less than 30 days had elapsed between the date McFarland's appearance was accepted and the start of trial. The government responds that Miller's appearance triggered the 30–day clock, and more than 30 days had elapsed.

Our analysis is understood best by examining the chronology of relevant events:

12/17/86: Bogard is indicted.

1/14/87: Bogard is arraigned in Anchorage. He advises that he has not yet decided on an attorney.

1/20/87: Miller files entry of appearance.

1/23/87: McFarland attempts to arrange for discovery with Assistant United States Attorney, but is instructed that a motion for discovery must be filed.

1/28/87: The court is notified that Miller will not be available to sign pre-trial motions until 2/11/87. It issues an order waiving the requirement of local counsel's signature.

1/29/87: McFarland sends discovery motions for filing. They are not accepted because he has not filed a non-resident attorney application.

2/2/87: Trial date is set for 3/16/87.

2/6/87: Jury selection is set for 3/9/87.

2/6/87: McFarland mails amended discovery motions.

2/9/87: McFarland mails non-resident attorney application.

2/12/87: Government responds to discovery motion.

2/12/87: Non-resident attorney application is filed.

2//19/87: Court rules on discovery motion, accepts McFarland's application, and extends deadline for dispositive motions to 2/25/87.

2/25/86: McFarland learns that deadline for dispositive motions is 2/25/87.

3/6/87: Counsel files motion to continue. It is denied.

3/16/87: Trial begins.

■ Bogard had engaged McFarland, his "counsel of choice," by January 20, almost two months prior to his scheduled trial. The notice of appearance filed on January 20 states:

COMES NOW, Mikel R. Miller, and pursuant to Local District Court Rule 3 hereby enters his appearance to act as local counsel for Chuck McFarland, out of State counsel for the defendant in the above-captioned action....

For the purpose of calculating the Act's 30–day minimum, we hold January 20 as the date Bogard first appeared through counsel. Nothing in the Act suggests that we should disregard an appearance by counsel who was designated by the defendant's principal counsel to act on his behalf. *Cf. Rojas–Contreras,* 474 U.S. at 234, 106 S.Ct. at 557.

Our decision today does not frustrate the purpose of section 3161(c)(2). The concern which led us in *Daly* to disregard an appearance by counsel acting for a limited purpose is not present here. The time for preparation by counsel engaged or appointed to represent the defendant at trial will not fall short of the statutory minimum. McFarland was identified as Bogard's counsel at Miller's first appearance. He had well in excess of the 30–day minimum for trial preparation.

Miller's unavailability to sign documents, McFarland's lack of familiarity with local rules, and delays inherent with an Ohio lawyer representing a client on trial in Alaska may have hampered McFarland's preparation. But the Speedy Trial Act was not enacted to remedy those difficulties. Its purpose was simply to assure adequate time for trial preparation. We cannot overlook that the "minimum-preparation time guarantee is not to be construed to permit the defendant to delay unduly the trial date." S.Rep. No. 212, 96th Cong., 1st Sess. 32 (1979), *reprinted in,* A. Partridge,

Legislative History of Title I of the Speedy Trial Act of 1974, at 73–74 (1980).

### 2. Due Process

Bogard argues next that his Fifth Amendment right to due process was violated when the court denied the motion to continue. The gist of his argument is that discovery was delayed by Miller's unavailability, and this interfered with McFarland's ability to prepare adequately for trial.

■ The concept of fairness, implicit in the right to due process, may dictate that an accused be granted a continuance in order to prepare an adequate defense. Denial of a continuance warrants reversal, however, only when the court has abused its discretion. *See United States v. Studley,* 783 F.2d 934, 938 (9th Cir.1986).

There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reason presented to the trial judge at the time the request is denied.

*Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964).

■ McFarland obtained discovery materials from the IRS on February 25, 1987. Although the deadline for filing dispositive motions had already passed, 11 days remained before voir dire and 18 days before trial. There was more than adequate time to make use of the discovery materials. It was not unfair to require that Bogard proceed to trial, particularly in light of the causes for the delay and the failure to move for continuance until the last business day before scheduled voir dire.

The difficulties that McFarland encountered stem from his failure to anticipate and prepare adequately for the procedural and logistical challenges of remote representation. Discovery was not delayed by Miller's unavailability; the court waived the requirement for local counsel's signature. The delay, along with most other problems that McFarland encountered, were caused by the failure to comply promptly with local procedures for out-of-state counsel.

Bogard is entitled to his choice of counsel. He may not complain of unfairness when trial preparation was hampered because his counsel of choice did not anticipate the practical difficulties of remote representation. Judge Holland did not err in denying the motion.

## II. MOTION TO INSPECT JURY MATERIALS

Bogard argues also that Magistrate Roberts erred in denying the motion to inspect and copy jury selection materials.[2]

■ Litigants have what is essentially an unqualified right to inspect jury lists. *See Test v. United States,* 420 U.S. 28, 30, 95 S.Ct. 749, 750, 42 L.Ed.2d 786 (1975); *Studley,* 783 F.2d at 938. The statutory provision that embodies this right provides:

The parties in a case shall be allowed to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of [a motion to dismiss for failure to comply with the provisions for selecting juries.]

28 U.S.C. § 1867(f).

Magistrate Roberts denied Bogard's motion because it was untimely. It was made after the original and extended deadlines for filing pretrial motions had expired. Again, it is helpful to look at the chronology of events:

1/21/87: Deadline for pretrial motions is set for 2/2/87.

2/6/87 McFarland mails motion to extend deadline for dispositive motions.

2/19/87: Deadline for dispositive motions is extended to 2/25/87.

3/6/87: Motions are filed to disclose jury materials, and for continuance. Continuance is denied.

3/7/87: Bogard signs affidavit declaring intent to waive jury trial.

3/9/87: Bogard files waiver of jury trial.

3/10/87: Government opposes motion to disclose jury material.

3/12/87: Motion to disclose jury materials denied.

■ Bogard argues that the time for filing a motion to inspect cannot be circumscribed by a general deadline for pretrial motions. He points to the "unqualified" nature of the right, the "at all reasonable times" language of section 1867(f), and the statutory limits for bringing a motion to dismiss for improper jury selection ("before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor" *Id.* § 1867(a)).

We have rejected this argument previously. Where a motion to inspect jury selection records was made at the beginning of trial, we stated:

Although 28 U.S.C. § 1867(a) does not control the time for such a motion, the motion here was clearly untimely under the procedures used in trial courts for the processing and trial of cases. The decision in such a situation rests in the sound discretion of the court.

*People of Territory of Guam v. Palomo,* 511 F.2d 255, 257 (9th Cir.1975); *see also United States v. Hurd,* 549 F.2d 118, 120 (9th Cir.1977).

Magistrate Roberts was authorized to set a deadline for pretrial motions. *See* 28 U.S.C. § 636(b)(1)(A), (B), (b)(3); Fed.R.Crim.Proc. 12(c); Alaska Dist.Ct.Loc.R. 2, Special Jurisdiction in Criminal Cases. He did not err in treating the motion for inspection as a pretrial motion that should have been filed prior to the deadlines he imposed. Inspection of jury records is a "request which is capable of determination without the trial of the general issue." Fed.R.Crim.P. 12(b).

The right to discover defects in jury selection procedures must be balanced

---

**2.** We have rejected previously the government's argument that Bogard is barred from raising this issue on appeal because he failed to raise it before the district court. *See U.S. Dominator Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1102–03 (9th Cir.1985) (magistrate's ruling on nondispositive motion pursuant to 28 U.S.C.

§ 636(b)(1)(A)). *But see e.g., United Steelworkers of America, AFL–CIO v. New Jersey Zinc Co.,* 828 F.2d 1001, 1007 (3rd Cir.1987). We need not consider whether Bogard waived the right to inspect jury materials by waiving the right to a jury trial.

against the need for prompt and efficient use of federal judicial resources. The decision to establish a reasonable deadline for pretrial motions, including a motion to inspect jury records, reflects a proper balance.

There may be circumstances where deadlines must give way in the face of valid reasons for noncompliance. But here Bogard filed the motion to inspect just one business day before voir dire, and after having missed the original and extended deadlines for pretrial motions. He has not presented us with an explanation that warrants a waiver of the deadline.

The judgment is AFFIRMED.