19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald Charles MATTHEWS, Petitioner-Appellant,
v.
Jeff HOOD, et al., Respondents-Appellees.
 No. 93-16208.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reginald Charles Matthews, an Arizona state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for armed robbery. Matthews contends that his due process rights were violated when the trial court denied his: (a) motion for the court to pay expert witness expenses for his post-conviction evidentiary hearing; (b) motion to continue his trial in order to prepare an insanity defense; and (c) motion to continue his sentencing hearing to prepare a presentation of mitigating circumstances. In addition, Matthews claims that he was denied his Sixth Amendment right to effective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 1. Due process violations
 
 3
 (a) Denial of expert witness expenses
 
 
 4
 If a habeas petitioner could have raised his constitutional claim at one time in state court, and is now barred by a state rule of procedure from raising that issue, he has procedurally defaulted on his claim. Murray v. Carrier, 477 U.S. 478, 485 (1986); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). The independent and adequate state ground doctrine prohibits the federal courts from addressing habeas corpus claims of a state prisoner when a state-law default prevented the state court from reaching the merits of the federal claims. Wainwright v. Sykes, 433 U.S. 72, 87-88 (1977); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). However, a federal court will generally consider a procedurally defaulted claim with a finding of cause and prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Thomas, 945 F.2d at 1123. "Cause" is a legitimate excuse for the default and "prejudice" is actual harm resulting from the alleged constitutional violation. Thomas, 945 F.2d at 1123.
 
 
 5
 Here, after reviewing his state habeas petition, the Arizona Supreme Court found that Matthews procedurally defaulted on his claim for expert witness expenses by failing to raise this issue in his initial state petition for review. Thus, because Matthews does not allege any cause for his failure to present this defaulted claim in his first petition for review, it is barred from federal review. See Coleman, 111 S.Ct. at 2565; Murray, 477 U.S. at 485; Wainwright, 433 U.S. at 87-88; Thomas, 945 F.2d at 1122; Tacho, 862 F.2d at 1378.
 
 
 6
 (b) Denial of motion to continue trial
 
 
 7
 A federal habeas corpus court has no authority to review a state's application of its own laws, but rather must determine whether a prisoner's constitutional or other federal rights have been violated. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir.1990). "The concept of fairness, implicit in the right to due process, may dictate that an accused be granted a continuance in order to prepare an adequate defense." United States v. Bogard, 846 F.2d 563, 566 (9th Cir.1988). Nonetheless, a federal constitutional error can be held harmless in habeas proceedings should we find that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1717 (1993).
 
 
 8
 There are no mechanical tests for deciding when a denial of continuance is so arbitrary as to violate due process. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). However, the court must consider: (1) the degree of diligence by the defendant prior to the date beyond which a continuance is sought; (2) whether continuance would have served a useful purpose if granted; (3) whether granting a continuance would have caused the court or the government inconvenience; and (4) the amount of prejudice suffered by the defendant. Armant v. Marquez, 772 F.2d 552, 556-57 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986); United States v. Flynt, 756 F.2d 1352, 1358-61 (9th Cir.1985), amended, 764 F.2d 675 (9th Cir.1985). The weight given to any one of these factors may vary from case to case. Flynt, 756 F.2d at 1358-61.
 
 
 9
 Here, three days before Matthews' trial, the trial court denied his motion for a continuance to investigate and prepare a possible insanity defense based on recently discovered information regarding a previous head injury.[1] Although the trial court found insufficient grounds to warrant mental examination pursuant to Ariz.R.Crim.P. 11.3, the four-factor test articulated in Flynt and Armant weighs in Matthews' favor. First, although Matthews' girlfriend did not corroborate Matthews' memory and personality problems with counsel until several days before trial, counsel acted immediately with a motion to continue when he determined that he could develop a possible defense. Thus, under the circumstances, the motion was made in a diligent manner. Second, because Matthews was unable to develop any other defense after the court denied his request for continuance, it is clear that the continuance would have served a useful purpose. Third, because Matthews' trial lasted only two days with the government calling twelve local witnesses, the court and the prosecution would have suffered minimum inconveniences had a continuance been granted. See Armant, 772 F.2d at 557; Flynt, 756 F.2d at 1360. Finally, Matthews' need for a continuance to undergo mental health examinations was both reasonable and apparent. Neither Matthews' attorney nor the court knew the extent of his head injury at the motion hearing, but the trial court's refusal to allow Matthews the opportunity to prepare the only defense available to him rendered his right to due process meaningless. See Bogard, 846 F.2d at 566; Armant, 772 F.2d at 556-57; Flynt, 756 F.2d at 1358.
 
 
 10
 Although the trial court erred in denying Matthews' motion for a continuance to prepare an insanity defense, the evidence presented at the trial and at a post-conviction evidentiary hearing revealed that he would not have been able to establish this defense.
 
 
 11
 The standard of insanity in Arizona is the M'Naghten rule, found in Ariz.Rev.Stat.Ann. Sec. 13-502. Under that standard, a defendant must prove by clear and convincing evidence that he was, at the time of the crime, suffering from such a mental defect or disease as not to know the nature and quality of his act or not to know that the act was wrong. Ariz.Rev.Stat.Ann. Sec. 13-502.
 
 
 12
 At trial, Matthews offered no evidence that he was suffering from any mental defect or disease, or that he did not know that the acts he was charged with were wrong. In fact, Matthews admitted committing the robberies to get money to pay off a cocaine debt, and was able to articulate the details of the robberies to the police.
 
 
 13
 At a post-conviction evidentiary hearing to determine Matthews' sanity at the time he committed the offenses, a clinical neuropsychologist testified that she examined him, but failed to reach a diagnosis as to his mental condition. Although the doctor found that Matthews possessed symptoms of dementia, she could not establish that Matthews had this problem when he committed the crimes. Moreover, the doctor concluded that Matthews knew what he was doing during the commission of the offenses, indicative of cognitive rather than reflexive behavior: that he planned to engage in robbery to pay off a drug debt, that he chose restaurants without any customers present, and that he did not threaten anyone.
 
 
 14
 Thus, because Matthews would not have been able to establish the Arizona insanity defense, his inability to present this defense at trial did not affect the outcome of his case. See Ariz.Rev.Stat. Sec. 13-502. Therefore, the trial court's error in denying Matthews' continuance to prepare an insanity defense did not have a substantial and injurious effect or influence in determining the jury's verdict. See Brecht, 113 S.Ct. at 1717.
 
 
 15
 (c) Denial of motion to continue sentencing
 
 
 16
 Failure to consider mitigating factors during sentencing in a non-capital case does not violate due process. United States v. LaFleur, 971 F.2d 200, 212 (9th Cir.1992), cert. denied, 113 S.Ct. 1292 (1993).
 
 
 17
 Here, during Matthews' sentencing, counsel requested a continuance in order to allow Matthews to have a full psychiatric evaluation. After the court read the psychological report and found nothing which warranted further examination or psychological testing necessary to impose sentence, it denied the motion pursuant to Ariz.R.CrimP. 11.2 and 11.3. Thus, because Matthews was convicted of two non-capital crimes, and the trial court did not violate any constitutional or other federal rights when it applied its own law, this court has no authority to review the trial court's denial of Matthews motion to continue sentencing. See Estelle, 112 S.Ct. at 480; Jackson, 921 F.2d at 885.
 
 2. Ineffective assistance of counsel
 
 18
 To obtain relief from a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689.
 
 
 19
 Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 20
 Matthews' ineffective assistance of counsel claims are based on counsel's apparent failure to prepare and present an insanity defense for Matthews. Specifically, Matthews contends that counsel fell below reasonable standards when counsel: a) failed to make a timely investigation of Matthews' insanity defense; b) failed to challenge the court's denial of his motion to continue for mental examination; and c) failed to adequately prepare a defense in light of the unsuccessful motion to continue.
 
 
 21
 Approximately three months before trial, Matthews informed counsel that he experienced memory and personality problems from a head injury he suffered from one year earlier. Although a police report indicated that Matthews admitted committing the robberies to pay off cocaine debts, counsel apparently did not pursue Matthews' claim that he may have lacked the capacity to commit the crimes. Thus, it was only until Matthews' girlfriend corroborated his memory and personality problems, and urged counsel to conduct a further investigation, did counsel file a motion to continue. That request was denied by the court, and counsel had to proceed with the trial without the possibility of investigating the potential insanity defense until after the trial. Thus, as to the first prong of the Strickland test, it is possible that Matthews met the burden of proving that his trial counsel's acts or omissions were outside the wide range of professionally competent assistance and therefore ineffective. See Strickland, 466 U.S. at 690.
 
 
 22
 However, even if counsel's failure to prepare a timely insanity defense was outside the wide range of professionally competent assistance, the record does not support the "prejudice" prong of the Strickland test. As discussed above, evidence presented at trial and at the post-conviction evidentiary hearing revealed that Matthews would have been unable to establish that he was insane during the commission of the robberies. Thus, Matthews fails to affirmatively establish that but for counsel's failure to present an insanity defense, the proceeding was fundamentally unfair or that the result would have been different. See Lockhart, 113 S.Ct. at 844; Strickland, 466 U.S. at 692.
 
 
 23
 Accordingly, the district court did not err in denying Matthews' Sec. 2254 petition.
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to Ariz.R.Crim.P. 11.2, any party may move for an examination to determine the defendant's competency at any time after an information is filed or an indictment is returned
 If the trial court determines that reasonable grounds for an examination exists, it shall appoint at least two mental health experts to examine the defendant. Ariz.R.Crim.P. 11.3.