26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joel William BAYLESS, Defendant-Appellant.
 No. 93-50424.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1994.*
Decided May 26, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,** District Judge.
 
 
 2
 MEMORANDUM ***
 
 I. Continuance
 
 3
 The district court did not abuse its discretion by denying Bayless's motion for continuance of trial.
 
 
 4
 A continuance would have inconvenienced the court. United States v. Robinson, 967 F.2d 287, 291 (9th Cir.1992) (third continuance would inconvenience the court, the government and the witnesses). The need for a continuance arose only because of Bayless's deliberate disappearance. Bayless retained counsel in August, allowing adequate preparation time. See United States v. Bogard, 846 F.2d 563, 566 (9th Cir.1988) (appellant may not complain when trial preparation hampered because counsel of choice failed to anticipate practical difficulties of remote representation). Bayless does not establish how the lack of an opening statement prejudiced his defense or how he would have corroborated his entrapment defense. See Robinson, 967 F.2d at 291 (no prejudice where appellant had two days to contact witnesses while the government presented its case); United States v. Hoyos, 573 F.2d 1111, 1114 (9th Cir.1978) (when requesting a continuance to contact witnesses, appellant must show who the witnesses are, what their testimony will be, that the testimony is relevant and competent, and the witnesses can probably be obtained if the continuance is granted).
 
 II. Ineffective Assistance of Counsel
 
 5
 Counsel's representation did not fall below an objective standard of reasonableness or result in prejudice. See Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). Counsel's failure to anticipate the entrapment defense or prepare for trial does not warrant application of a per se rule of prejudice. See United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). Bayless does not identify evidence his counsel failed to present, United States v. Hamilton, 792 F.2d 837, 839 (9th Cir.1986) (counsel not ineffective where defendant failed to identify evidence counsel should have presented), or explain why an opening statement would have changed the trial outcome.
 
 III. Entrapment
 
 6
 Bayless fails to identify "undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by government agents." United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992) (quotation and citation omitted). The evidence shows Bayless's predisposition to commit the crime. See United States v. Citro, 842 F.2d 1149, 1151-52 (9th Cir.1988) (defendant's predisposition to commit the crime is the controlling question).
 
 
 7
 Although Bayless did not have a criminal record, see United States v. Gordon, 844 F.2d 1397, 1406 (9th Cir.1988) (lack of criminal record is not determinative of whether defendant is predisposed to commit the crime), Bayless testified he was a methamphetamine user and had previously arranged for a friend to set up a methamphetamine lab on his father's property. Bayless told the informant, "Oh yeah, I've put so many things together." Bayless also discussed his ability to obtain manufacturing equipment such as glassware and freon gas. See United States v. Fleishman, 684 F.2d 1329, 1343 (9th Cir.1982) (defendant's familiarity with prices and means of supplying narcotics one factor in demonstrating predisposition). Bayless anticipated a $4000 profit from the drug sale. He expressed no reluctance to complete the transaction and there is no indication he was threatened or harassed in any way.
 
 IV. Sentencing
 
 8
 The district court's discretionary refusal to depart downward is not appealable. United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991); compare United States v. Martinez-Guerrero, 987 F.2d 618, 620 (9th Cir.1993) (jurisdiction for review exists where district court's refusal to depart is based on the court's belief it did not have authority to depart).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 The parties are fmailiar with the facts and legal arguments and we will not repeat them here. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3