36 F.3d 1103
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Duane E. NICHOLAS, Petitioner-Appellant,
v.
Robert WRIGHT, Superintendant, Respondent-Appellee.
 No. 94-35258.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Duane Nicholas appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition challenging his convictions of four counts of first degree armed robbery. Nicholas contends that the trial court violated his Sixth Amendment right to effective assistance of counsel and his right to self-representation. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 
 3
 1. Denial of effective assistance of counsel
 
 
 4
 Nicholas claims that the trial court violated his Sixth Amendment rights when it appointed him counsel on the day of his trial without granting a two-week continuance to prepare his defense. Nicholas' claim lacks merit because he fails to show how his attorney's representation was deficient and prejudicial to his defense pursuant to Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (to obtain relief from a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and counsel's deficient performance prejudiced the defense). However, we must construe pro se pleadings liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987), requiring us to consider whether the court's action violated Nicholas' due process rights.
 
 
 5
 "The concept of fairness, implicit in the right to due process, may dictate that an accused be granted a continuance in order to prepare an adequate defense." United States v. Bogard, 846 F.2d 563, 566 (9th Cir.1988). Nonetheless, a federal constitutional error can be held harmless in habeas proceedings should we find that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. Brecht v. Abrahamson, 113 S.Ct. 1710, 1717 (1993).
 
 
 6
 There are no mechanical tests for deciding when a denial of continuance is so arbitrary as to violate due process. Ungar v. Sarafite, 376 U.S. 575, 589 (1964). However, we must consider: (1) the degree of diligence by the defendant prior to the date beyond which a continuance is sought; (2) whether continuance would have served a useful purpose if granted; (3) whether a continuance would have caused the court or the government inconvenience; and (4) the amount of prejudice suffered by the defendant. Armant v. Marquez, 772 F.2d 552, 556-57 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986); United States v. Flynt, 756 F.2d 1352, 1358-61 (9th Cir.), amended, 764 F.2d 675 (9th Cir.1985).
 
 
 7
 On July 10, 1987, three days before his scheduled trial, Nicholas informed the court that he wished to appear pro se, requesting access to all discovery materials, the law library, and paper and a typewriter. The trial court granted these requests and appointed attorney Greg Girard to act as a "legal advisor" to Nicholas.
 
 
 8
 At the beginning of his rescheduled trial on September 2, Nicholas informed the trial court that he was not prepared to defend himself pro se. The court appointed Girard, who had become familiar with his case over the months. Although the trial court denied Girard's motion for an immediate two-week continuance to prepare Nicholas' defense, the trial court continued the case until the following morning, ordering the state to make its witnesses available to Girard.
 
 
 9
 On September 3, Girard informed the court that he was not ready for trial because he had been unable to contact several witnesses or undertake any other investigation of the state's case. The court advised that it would allow the state to begin calling witnesses whom Girard had already investigated. Further, the trial court recessed early before a three-day weekend to give Girard, as requested, the long weekend to prepare his case and locate Nicholas' alleged alibi witnesses.
 
 
 10
 At the conclusion of the state's case on September 8, Girard requested another continuance, stating that there were four potential witnesses that he had been unable to contact and that he had been unable to secure a fingerprint expert. The trial court denied this motion because Girard was unable to make an offer of proof as to what these witnesses' testimony might be, and because Nicholas had ample time to contact the witnesses when the trial was delayed several times earlier.
 
 
 11
 Thus, although the trial court denied Nicholas' request for a two-week continuance, the trial court addressed Girard's needs to prepare an adequate defense. See Bogard, 846 F.2d at 566; Armant, 772 F.2d at 556-57; Flynt, 756 F.2d at 1358-61. Moreover, Nicholas failed to show how the denial of the continuance had a substantial and injurious effect or influence in determining the jury's verdict. See Brecht, 113 S.Ct. at 1717. Therefore, the district court's failure to grant Nicholas' motion for a two-week continuance was not so arbitrary as to violate due process. See Ungar, 376 U.S. at 589.
 
 2. Procedural Default
 
 12
 As a general rule, a habeas petition should be dismissed if state remedies have not been exhausted with respect to every claim in the petition. Rose v. Lundy, 455 U.S. 509, 512-22 (1982); Obremski v. Maass, 905 F.2d 281, 284 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 13
 Under the independent and adequate state ground doctrine, federal courts generally may not review a case where a state law default precludes the state from deciding on the merits. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). However, collateral review is permitted if a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 14
 Washington law forbids a collateral attack to be commenced against a judgment and/or sentence more than one year after that conviction becomes final. Wash.Rev.Code Sec. 10.73.090(1). A conviction can become final upon the date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction. Wash.Rev.Code Sec. 10.73.090(3)(b); Petition of Runyan, 853 P.2d 424, 425 (Wash.1993). This statute of limitations does not apply to a collateral attack based on a claim of newly discovered evidence, an unconstitutional statute used to convict the defendant, a violation of double jeopardy, or insufficient evidence to convict. Wash.Rev.Code Sec. 10.73.100.
 
 
 15
 Here, Nicholas appealed his convictions to the Washington Court of Appeals, claiming inter alia, that the trial court denied his Sixth Amendment right to: (1) pro se representation pursuant to Faretta v. California, 422 U.S. 806 (1975); and (2) effective assistance of counsel. On August 14, 1989 the court of appeals affirmed his convictions. When Nicholas filed a petition for a discretionary review to the Washington Supreme Court, he failed to raise his Faretta claim. This petition for review was denied, and on December 29, 1989, the state court of appeals issued its mandate disposing of Nicholas' direct appeal.
 
 
 16
 In his Sec. 2254 petition, Nicholas raised his ineffective assistance of counsel claim and his Faretta claim. Because Nicholas failed to present his Faretta claim to the state's highest court, this claim is not properly exhausted. See Rose, 455 U.S. at 512-22; Obremski, 905 F.2d at 284. Nicholas, however, is barred from raising this claim in state court because the statute of limitations for a collateral attack on his conviction tolled on December 28, 1990. See Wash.Rev.Code Sec. 10.73.090(3)(b); Runyan, 853 P.2d at 425. Moreover, there is no exception to the statute of limitations applicable to his Faretta claim.
 
 
 17
 In district court, Nicholas failed to show any cause for and actual prejudice from the procedural default, or that the failure to consider this claim would result in a fundamental miscarriage of justice. See Coleman, 111 S.Ct. at 2565. Therefore, the district court did not err by finding that Nicholas is barred from raising this issue. See Nunnemaker, 111 S.Ct. at 2593; Thomas, 945 F.2d at 1122.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition in this case, Nicholas' June 21, 1994 motion to stay collection of legal financial obligations pending the appeal is denied