**Commonwealth** of the
Northern Mariana Islands,
Plaintiff/Appellee,
v.
Daniel C. **Cristobal**,
Defendant/Appellant.
Appeal No. 94-049
Traffic Case No. 93-8921
April 15, 1996

Submitted on Briefs March 25, 1996

Counsel for appellant: Christine B. Matson, Assistant Public Defender, Saipan.

Counsel for appellee: Bruce L. Berline, Assistant Attorney General, Saipan.

BEFORE: TAYLOR, Chief Justice, and VILLAGOMEZ and ATALIG, Justices.

VILLAGOMEZ, Justice:

The appellant, Daniel C. Cristobal ("Cristobal"), appeals a Superior Court order revoking his probation.

---

He requests that the case be remanded for rehearing.

We have jurisdiction under 1 CMC § 3102(a). We affirm.

## ISSUE & STANDARD OF REVIEW

■ Cristobal presents the issue of whether the trial court violated his right to due process by appointing an attorney to represent him only one day prior to his probation revocation hearing. In effect, Cristobal challenges the trial court's denial of his request for a continuance, which was made one day before the probation revocation hearing and on the same day that counsel was appointed to represent him at the hearing. We review for an abuse of discretion the trial court's decision to grant or deny a continuance.[1]

## FACTUAL & PROCEDURAL BACKGROUND

In December 1993, Cristobal pled guilty to driving while under the influence of alcohol ("DUI"). The trial judge sentenced him to, among other things, thirty days in prison with all but three days suspended. One condition of the suspended sentence was that Cristobal obey all Commonwealth laws for one year.

In May 1994, Cristobal was cited for allegedly violating certain traffic laws. In November 1994, Cristobal was tried for these offenses and found guilty of DUI and making an improper turn.

Based on these convictions, on December 6, 1994, the government filed a motion to revoke the suspended sentence that had been imposed on Cristobal after the 1993 DUI incident. The government also filed a notice of intent to revoke the suspended sentence and a notice of rights, as well as a notice of the revocation hearing, which was set for December 15, 1994.

An attorney from the Public Defender's office had represented Cristobal in the 1993 DUI proceeding, and a different attorney from that office had represented him in the 1994 DUI proceeding. The Public Defender's office was not served with the motion to revoke Cristobal's probation, or the various notices. However, all of these papers were personally served on Cristobal on December 6, 1994.

On December 15, 1994, Cristobal appeared pro se for his probation revocation hearing. Before the hearing

commenced, the trial court appointed an assistant public defender to represent Cristobal. This particular attorney was also Cristobal's appointed counsel in the 1993 DUI matter.

The court proceeded, sua sponte, to reset the hearing for the following morning. Cristobal's counsel made an unsuccessful request for a longer continuance.

Cristobal appeared with appointed counsel for the hearing on December 16, 1994. He did not introduce any evidence.

The trial court subsequently issued an order revoking Cristobal's twenty-seven day suspended jail sentence based on the court's finding that Cristobal had violated the conditions of probation imposed on him in 1993. Cristobal timely appealed.

## ANALYSIS

Cristobal contends that by appointing counsel only one day prior to the probation revocation hearing and denying his request for a continuance, the trial court violated his right to due process under the U.S. and Commonwealth Constitutions. Cristobal specifically argues that he was deprived of his due process right to counsel and to call witnesses and present other evidence on his own behalf.

Cristobal does not dispute that he was given written notice of the government's intent to revoke and motion to revoke his suspended sentence, and of the revocation hearing.[2] Cristobal received these notices nine days prior to the scheduled hearing.

■ At no time did Cristobal request counsel.[3] Rather, when he appeared as ordered for his revocation hearing the trial court decided to appoint counsel. The court also rescheduled the hearing until the following morning, but refused to continue it any longer. As

---

[2] See Com. R. Crim. P. 32.1(a)(2) (setting forth procedural requirements for probation modification and revocation).

[3] The notice of intent to revoke the suspended sentence served on Cristobal advised that he had a right to written notice of the alleged violation of suspended sentence, disclosure of the evidence against him, an opportunity to appear and present evidence on his own behalf and to question witnesses against him, and to be represented by counsel. Supplemental Excerpts of Record at 8-9.

Indigent probationers do not have a right, under the U.S. or Commonwealth Constitutions, to appointed counsel for probation revocation hearings unless the trial court deems such appointment necessary as a matter of fundamental fairness. See Gagnon v. Scarpelli, 411 U.S. 778, 787-90, 93 S. Ct. 1756, 1762-64, 36 L. Ed. 2d 656, 664-66 (1973).

---

[1] Commonwealth v. Delos Reyes, 4 N.M.I. 340, 341 (1996); New Hampshire v. Saucier, 512 A.2d 1120, 1123 (N.H. 1986).

discussed below, in denying Cristobal's request for a continuance the trial court did not abuse its discretion or, therefore, violate Cristobal's right to due process.

■ With respect to a trial court's refusal to grant a *trial* continuance, the Ninth Circuit has ruled that "[t]he concept of fairness, implicit in the right to due process, may dictate that an accused be granted a continuance in order to prepare an adequate defense."[4] Appellate courts do not apply a mechanical test "'for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reason presented to the trial judge at the time the request is denied.'"[5] Other facts and circumstances to be considered include the complexity of the proceeding for which the continuance was requested, and the preparation time counsel might reasonably be expected to need.[6]

■ Here, defense counsel requested a longer continuance so that she could review the probation revocation notices, contact witnesses and gather evidence. She had other clients to deal with the day she was appointed to represent Cristobal, and she was not feeling well.

This was an experienced defense attorney who had represented Cristobal when he pled guilty to DUI and was put on probation. The revocation hearing for which she needed to prepare was straightforward. The revocation was based on Cristobal's conviction of an offense which plainly constituted a probation violation. Indeed, the conviction was for DUI, the very same offense to which Cristobal had pled guilty and for which he had been put on probation. Cristobal's arguments against revocation of his probation do not appear from the record to have been complex or difficult to develop.

With respect to the witnesses that defense counsel said she would have called had a longer continuance been granted, the trial court had this to say:

> COURT: My only question now, [defense counsel], . . . is how do you think will the testimony of the employer be relevant in this case? The employer did not—was not there with [Cristobal] when he committed the second offense.

. . . .

> DEFENSE COUNSEL: [The proposed witness would be] [n]ot so much a character witness, but someone who can tell us how . . . [Cristobal] has progressed since having a problem in the past, and how he's doing in his . . . rehabilitation. We should also be hearing from the Probation Officer, to hear what is happening with the . . . .
>
> COURT: He's not progressing any better, let me tell you. He was convicted in [1993], in [1994], he was convicted again, for DUI.

Excerpts of Record at 14-15. From this exchange it can be inferred that the trial court viewed this as a simple case, and that the proposed evidence of Cristobal's "rehabilitation" was irrelevant to the court's decision. Under these circumstances, it appears that defense counsel was given a reasonable opportunity to prepare for the hearing, and that, even if a continuance had been granted, Cristobal would not have benefitted from it.

■ Regarding the ineffective assistance of counsel aspect of the due process claim, a defendant must show that the representation he or she was afforded "fell below an objective standard of reasonableness."[7] In doing so, the defendant must allege sufficient facts to enable the appellate court "'to infer that competent counsel would have acted otherwise.'"[8] Finally, the defendant must establish that his or her counsel's lack of competence prejudiced him or her.[9]

In the present case, defense counsel vigorously and ably defended her client. Cristobal does not point to any evidence suggesting that his representation by defense counsel was less than reasonable and competent. From the record, it also appears that nothing would have dissuaded the trial court from revoking Cristobal's probation, which was well within the court's discretion, based upon Cristobal's DUI conviction. Thus, Cristobal was not prejudiced by his attorney's purported inability to present evidence on his behalf.

---

[4] *United States v. Bogard*, 846 F.2d 563, 566 (9th Cir. 1988).

[5] *Id.*, 846 F.2d at 566 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 850, 11 L. Ed. 2d 921, 931 (1964)); *accord, Saucier*, 512 A.2d at 1123.

[6] *See Saucier*, 512 A.2d at 1123-24.

[7] *Id.*, 512 A.2d at 1124.

[8] *Mantell v. United States Dept. of Justice*, 798 F.2d 124, 127 (5th Cir. 1986) (quoting *Paul v. INS*, 521 F.2d 194, 199 (5th Cir. 1975)).

[9] *Saucier*, 512 A.2d at 1124.

## CONCLUSION

Based on the discussion above, we **AFFIRM** the trial court's revocation of Cristobal's probation.

