97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Keith DUETTE, Petitioner-Appellant,
v.
A.C. NEWLAND, Respondent-Appellee.
 No. 95-15198.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Sept. 12, 1996.
 
 BEFORE: CHOY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald K. Duette, a California state prisoner, appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. Duette alleges that his Sixth Amendment right to counsel and his Fifth Amendment right to due process were violated when the trial court refused to grant his: (1) motion for substitution of counsel; and (2) motion for a continuance. We review the denial of a petition for habeas corpus de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 I. Motion to Substitute Counsel
 
 3
 Duette contends that the trial court violated his Sixth Amendment right to counsel when it denied his motion for substitution of counsel. However, Duette is mistaken because the trial court did not deny his motion for substitution of counsel. Duette retained Shaun Allicock as private counsel on February 7, 1991. Allicock was substituted in as Duette's counsel of record on February 21, 1991. Judge Terry subsequently refused to grant Allicock's motion for a continuance, advising him to present the motion to Judge Hastings, the master calendar judge. Allicock then voluntarily withdrew as counsel of record because he was not prepared to go to trial and did not want to risk the denial of a continuance by Judge Hastings. Therefore, Allicock failed to represent Duette not because the trial court denied his motion for substitution of counsel, but because Allicock voluntarily withdrew as counsel. Therefore, Duette's Sixth Amendment right to counsel was not violated.
 
 II. Motion for a Continuance
 
 4
 Duette alleges that Judge Terry's refusal to grant his motion for a continuance violated his Sixth Amendment right to counsel and his Fifth Amendment right to due process. We review a trial court's decision to grant or deny a motion for a continuance for an abuse of discretion. United States v. Gonzalez-Rincon, 36 F.3d 859, 865 (9th Cir.1994), cert. denied, 115 S.Ct. 1323 (1995).
 
 A. Sixth Amendment Right to Counsel
 
 5
 This court has set forth four factors to consider when determining whether a trial court's denial of a motion for a continuance constituted an abuse of discretion. We must consider: (1) the appellant's diligence its efforts to ready its defense prior to the date beyond which a continuance is sought; (2) whether the continuance would have served a useful purpose if granted; (3) the extent to which granting the continuance would have inconvenienced the court, opposing parties, and witnesses; and (4) the amount of prejudice suffered by the appellant due to the denial of the continuance. United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.1985) amended on other grounds, 764 F.2d 675 (9th Cir.1985); Armant v. Marquez, 772 F.2d 552, 556 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986). "[T]he weight given to any one [factor] may vary from case to case. At a minimum, however, in order to succeed, the appellant must show some prejudice resulting from the court's denial." Armant, 772 F.2d at 556-57 (citations omitted).
 
 
 6
 Accordingly, we apply these factors to the facts of the present case. First, Duette was not diligent in readying his defense and retaining private counsel prior to Allicock's request for a continuance. Duette had been actively represented by the public defender for six weeks before he retained Allicock. Furthermore, the motion for substitution of counsel had been repeatedly raised, passed, and placed on standby before the substitution was actually made. Second, with respect to the usefulness of the continuance, Duette alleges that the continuance was necessary to allow Allicock time to prepare for trial. However, Judge Terry found that the motion for a continuance was merely a delay tactic. Judge Terry explained that he would not grant the continuance because Allicock "apparently had been waiting in the wings and letting time run on the case when the people have a right to have the matter tried in an expeditious manner." Third, the court had been inconvenienced by Allicock's numerous failures to appear and Judge Terry did not want to further delay trial. Finally, Duette failed to show prejudice resulting from the court's denial of Allicock's request for a continuance. See, e.g., United States v. Hull, 792 F.2d 941, 943 (9th Cir.1986); United States v. Lustig, 555 F.2d 737, 744-45 (9th Cir.1977) cert. denied, 434 U.S. 1045 (1978).
 
 
 7
 Therefore, the trial court did not abuse its discretion in denying Allicock's request for a continuance.
 
 B. Fifth Amendment Right to Due Process
 
 8
 Duette alleges that the trial court violated his Fifth Amendment right to due process when it denied Allicock's motion for a continuance. "The concept of fairness, implicit in the right to due process, may dictate that an accused be granted a continuance in order to prepare an adequate defense. Denial of a continuance warrants reversal, however, only when the court has abused its discretion." United States v. Bogard, 846 F.2d 563, 566 (9th Cir.1988). There is no mechanical test for determining when the denial of a continuance is so arbitrary as to violate due process. Rather, the answer lies in the specific facts of each case, and the reasons offered for the continuance. Ungar v. Sarafite, 376 U.S. 575, 589 (1964); Bogard, 846 F.2d at 566.
 
 
 9
 Duette's right to due process was not violated because the trial court did not act arbitrarily in denying the motion for a continuance. If granted, the continuance would not have served a useful purpose and it would have delayed trial. Moreover, the trial court's interpretation of Allicock's motion for a continuance as an attempt to manipulate the proceedings was reasonable, especially when viewed in light of Allicock's previous failures to appear. Therefore, Duette's right to due process was not violated when the district court denied his motion for a continuance.
 
 III. Conclusion
 
 10
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3