Melvyn COLEMAN, Petitioner–
Appellee–Cross–Appellant,

v.

**CALIFORNIA BOARD OF PRISON
TERMS, et al., Respondents–
Appellants–Cross–Appellees.**

Nos. 05–17380, 06–15478.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed April 6, 2007.

Ann C. McClintock, Esq., Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellee–Cross–Appellant.

Robert Michael Llewellyn, Stephen P. Acquisto, Esq., Office of the California Attorney General, Sacramento, CA, for Respondents–Appellants–Cross–Appellees.

Before: TASHIMA, Circuit Judge, CALLAHAN, Circuit Judge, and SCHIAVELLI,* District Judge.

MEMORANDUM **

Melvyn Coleman ("Coleman") is a California state prisoner serving a sentence of seven years to life following his 1974 conviction on charges of first degree murder, attempted murder, first degree robbery, possession of a firearm by a felon, and a

---

\* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

determination that he was armed with a deadly weapon when he committed the offenses.

According to the Findings and Recommendations adopted by the district court, on May 23, 1973, Coleman shot a man and his wife after robbing their home. The victims, Mr. and Mrs. Siewart, returned home while Coleman was burglarizing it. Coleman approached them before they got out of their car. He then robbed and shot both of them, killing Mr. Siewart and seriously wounding Mrs. Siewart. Coleman had a prior juvenile record.[1]

In 1997, Coleman filed a petition for writ of habeas corpus alleging that the California Board of Prison Terms ("Board") unconstitutionally rejected his application for parole during his 1995 parole hearing. In May 2005, the district court granted Coleman's habeas corpus petition because it found that the Board failed to consider his suitability for parole in a fair manner in 1995. As a remedy, the district court ordered that a fair hearing be held within 60 days, or Coleman would be released from custody.

Accordingly, in July 2005, the Board held a hearing and Coleman was again denied parole because the commissioners concluded that he was not yet suitable for parole and would pose an unreasonable risk to society if released. As a result, the district court denied Coleman's motion for release from custody which was predicated on the earlier habeas petition ruling. Consequently, two separate matters are before this panel.

---

1. The parties are familiar with the facts so we do not discuss them in detail here.

In Appeal No. 05–17380, the Board appeals the district court's grant of Coleman's petition for habeas corpus relief arising out of the 1995 hearing. The district court adopted findings by a federal magistrate judge that Coleman presented "a convincing case that a blanket [gubernatorial] policy against parole for murderers prevented him from obtaining a parole suitability determination made after a fair hearing."

In Appeal No. 06–15478, Coleman appeals the district court's denial of his Motion for Immediate Release from Custody, which he filed seeking a remedy after his habeas petition was granted in Appeal No. 05–17380.

### Appeal No. 05–17380: Board of Prison Terms v. Coleman

█ We have jurisdiction under 28 U.S.C. §§ 1291, 2253 and we conclude that the Board's appeal is moot.[2]

Coleman argues that by giving him a new parole hearing in July 2005, and successfully asserting it complied with the district court's ruling against it, the Board rendered its appeal moot. The Board argues that it should not have been ordered to provide the July 2005 hearing in the first place, but it seeks redress before this Court after having already provided said hearing.[3] " 'Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed.' " *Foster v. Carson*, 347 F.3d 742, 746 (9th Cir.2003) (quoting

*Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir.2002)).

A reversal of the district court's order to provide Coleman with an impartial hearing would not undo or take back the July 2005 hearing, and, therefore, this Court cannot provide any effective relief "even if the dispute is decided in favor of the appellant." *Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir.1986) (citation and quotation marks omitted). In addition, the action was made moot not merely by the Board having complied with the district court's order to hold a new parole hearing for Coleman, but also because Governor Arnold Schwarzenegger had been elected by July 2005, and, as discussed below, the record is bereft of any evidence that the Schwarzenegger administration instituted a "no parole for murderers" policy.

The Board maintains that its appeal is not moot because this Court can provide it with "effective relief." Specifically, the Board argues that a favorable decision of its appeal can provide "effective relief" by negating the potential collateral estoppel effect of the district court's order in other actions brought by inmates challenging their parole hearing(s) during the administrations of Governors Wilson and Davis.

However, this potential for collateral estoppel is illusory because the Supreme Court unanimously rejected the application of offensive nonmutual collateral estoppel against the government. *United States v. Mendoza*, 464 U.S. 154, 160, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (finding "[a] rule allowing nonmutual collateral estoppel against the government in such cases

---

**2.** At the outset, the Board's subject matter jurisdiction argument may be quickly dispatched. This Court recently held that California prisoners have a federally protected liberty interest and, as a result, may challenge state parole decisions by means of federal habeas petitions. *See Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir.2006), peti-

*tion for rehearing and petition for rehearing en banc denied* February 13, 2007.

**3.** For reasons known only to the Board, it did not seek a stay of the judgment granting habeas relief pending appeal pursuant to Fed. R.Civ.P. 62(a) and Fed. R.App. P. 8.

would substantially thwart the development of important questions of law"); *see Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 714 (9th Cir.2005) (applying *Mendoza* to nonmutual defensive collateral estoppel against a state agency); *Coeur D'Alene Tribe of Idaho v. Hammond*, 384 F.3d 674, 689–90 (9th Cir.2004) (applying *Mendoza* to nonmutual offensive collateral estoppel against a state agency). Thus, prisoners cannot use the district court's opinion in this case as offensive nonmutual collateral estoppel against the Board.[4]

In sum, we do not see what concrete disadvantage the Board suffers by the existence of a district court order in one prisoner's unique case,[5] requiring it to hold a parole hearing that has already been held. Furthermore, this Court should adopt judicial restraint and avoid deciding the constitutional question regarding Coleman's due process claim if there is no live case or controversy. *See O'Bremski v. Maass*, 915 F.2d 418, 423 (9th Cir.1990) (noting a federal court's lack of power to issue an advisory opinion on a prisoner's due process claim alleging a biased parole board); *see Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972) (stating there is a custom to avoid deciding constitutional issues unnecessarily); *see Ashwander v. TVA*, 297 U.S. 288, 346–47, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (noting courts should avoid passing unnecessarily on constitutional questions when an alternative ground for decision exists).

Accordingly, we conclude this appeal is moot and must be dismissed. Therefore, we do not consider whether the district court erred in finding that the Board under Governor Wilson and Governor Davis failed to provide fair parole hearings.[6]

### Appeal No. 06–15478: Coleman v. Board of Prison Terms

We have jurisdiction under 28 U.S.C. §§ 1291, 2253 and we affirm.

On May 19, 2005, the district court issued a conditional order stating Coleman's petition for habeas corpus *"will be granted, unless, within 60 days, respondent provides a fair parole suitability hearing, conducted by a board free of any prejudice stemming from a gubernatorial policy against parole for murderers."* The issue in this appeal is whether, after finding bias on the Board, the remedy of a new hearing ordered by the district court was sufficient or whether Coleman's motion for release should have been granted.

The district court's denial of Coleman's motion for release is affirmed because the remedy of a new parole hearing was sufficient and there is no evidence in the record that Coleman's July 2005 hearing was biased.

In No. 05–17380, the appeal is **DISMISSED**.

In No. 06–15478, the judgment of the district court is **AFFIRMED**.

**4.** Moreover, the potential for its preclusive use or use as precedent is present as to every judgment and such a potential has never prevented a case from being moot.

**5.** We emphasize that the narrowness of our ruling impacts only Coleman's case because the evidence presented was specific and limited to Coleman's 1995 parole hearing. Thus, the district court's findings in this case and

the evidence on which they are based should not be extrapolated to parole challenges by other prisoners.

**6.** Moreover, while we do not reach the propriety of district court's finding relating to the Wilson and Davis administrations, we do note that the only hearing challenged by the habeas petition, the 1995 hearing, occurred during the Wilson administration.