MEMORANDUM **
Petitioner Frederick Varner (“Varner”) appeals the district court’s denial of his petition for a writ of habeas corpus. Var-ner was convicted of second-degree murder in California state court in 1981 and sentenced to seventeen years to life in prison, with the possibility of parole. Var-ner’s habeas petition is based, not on his original conviction, but on a 2003 decision by a panel of the California Board of Prison Terms (“Board”) that denied Varner parole. Following a series of unsuccessful habeas petitions and petitions for review in California state court, Varner filed a petition for a writ of habeas corpus in federal district court. 28 U.S.C. § 2254. The district court denied the petition. On appeal, Varner contends the Board’s denial of parole violated his due process rights be *480 cause there was not “some evidence” to support the Board’s decision. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. ■ Because the facts are known to the parties, we revisit them only as necessary.
“ ‘[S]ome evidence’ of future dangerousness” is a “sine qua non for denial of parole in California.” Hayward v. Marshall, 603 F.3d 546, 562 (9th Cir.2010) (en banc) (citations omitted). As we explained in Hayward, on federal habeas review, we “need only decide whether the California judicial decision approving the [Board’s] decision rejecting parole was an ‘unreasonable application’ of the California ‘some evidence’ requirement, or was ‘based on an unreasonable determination of the facts in light of the evidence.’ ” Id. at 563 (quoting 28 U.S.C. § 2254(d)(1) — (2)) (footnotes omitted).
In this case, the Board’s decision to deny Varner parole did not violate due process because some evidence supports the Board’s conclusion that Varner “[was] not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison.” The Board based its conclusion on the following facts: (1) Varner carried out his commitment offense “in an especially cruel and callous manner” and his motive “was inexplicable or very trivial”; and (2) Varner had a prior criminal history involving the infliction or attempted infliction of serious injury on a victim. We reviewed the record and hold some evidence supports the Board’s decision to deny parole based on both factors. See id. (holding some evidence supported the denial of parole where the offense was “premeditated and extremely vicious” and psychological reports suggested the prisoner “would pose a ‘low’ to ‘moderate’ risk of danger if released”). Because the record supports the Board’s decision, the state court’s conclusion that Varner was properly denied parole was not an unreasonable application of the “some evidence” standard, nor was it an unreasonable determination of the facts in light of the evidence. See id.
Varner contends the Board’s sole reliance on two immutable characteristics (commitment offense and criminal history) to deny him parole violates due process. We reject this argument. We explained in Hayward that “an aggravated offense does not, in every case, provide evidence that the inmate is a current threat to public safety.” Id. at 562 (citation and internal quotation marks omitted). But we also explained that an aggravated offense may establish that the prisoner is' currently dangerous if “the record also establishes that something in the prisoner’s pre- or post-incarceration history ... supports the inference of dangerousness.” Id. (citation omitted). Hayward’s reference to a prisoner’s pre-incarceration history establishes that a prisoner’s criminal history can support the inference that the prisoner is dangerous, even though criminal history is an immutable characteristic. See id. It was not unreasonable for the state court to conclude Varner’s conviction for second-degree murder, when considered in light of the cruel and heinous manner in which it was carried out, the inexplicable or trivial motive, and Varner’s prior criminal history, supported an inference that he was dangerous.
We also reject Varner’s argument that the Board’s decision to deny him parole based on immutable factors denied him due process because he has served his minimum term in prison. First, California law does not distinguish for pai-ole purposes between a prisoner who has served his minimum sentence and one who has not. See 15 CaLCode Regs. § 2402(a)(“I?e-gardless of the length of time served, a life *481 prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner 13011 pose an unreasonable risk of danger to society if released from prison.” (emphasis added)). Second, there is no clearly established federal law, as determined by the United States Supreme Court, that establishes a different standard of review for parole denials to inmates who have served their minimum sentences.
Finally, we hold the district court did not abuse its discretion in denying Varner an evidentiary hearing in which he sought to introduce evidence that the Board was biased in its parole decision. Varner submitted to the district court approximately 200 declarations from other inmates who were denied parole on the basis of their commitment offense and a district court decision, which held that the California Board of Prison Terms had adopted a blanket policy against parole for murderers. Coleman v. Bd. of Prison Terms, 2005 WL 4629202 (E.D.Cal. Dec.2, 2005). Nevertheless, Varner failed to develop the factual basis of his bias claims in state court and failed to show “a factual predicate that could not have been previously discovered through the exercise of due diligence.” 28 U.S.C. § 2254(e)(2)(A)(ii). Varner could have procured other inmates’ declarations or developed the type of evidence that convinced the Coleman court of the existence of a “no parole for murderers policy” before his state habeas proceedings ended. Further, Varner’s reliance on Coleman is inapposite because the Ninth Circuit in Coleman, in dismissing the appeal as moot, held the district court’s decision was limited to the facts of Coleman and “should not be extrapolated to parole challenges by other prisoners.” Coleman v. Bd. of Prison Terms, 228 Fed.Appx. 673, 676 n. 5 (9th Cir.2007) (unpublished memorandum disposition).
We therefore affirm the district court’s order that denied Varner’s petition for a writ of habeas corpus.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.